# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THRYA LOWE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-0002205 (HHK) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant District of Columbia, by and through undersigned counsel, moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  Assuming that all of Plaintiff's factual allegations are true, Plaintiff has not alleged a violation either of the District of Columbia Whistleblower Protection Act, D.C. Official Code § 1-615.51 *et seq.*, or her constitutional rights.  A memorandum of points and authorities in support of this motion and a proposed Order granting it accompany this motion. Because this is a dispositive motion, LCvR 7.1(m) does not require consultation with Plaintiff before filing.

For the foregoing reasons and such others as may appear to the Court, Defendant respectfully requests that the Court grant the relief requested herein.

Dated: January 23, 2006                 Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

                                        GEORGE  C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division


                                        /s/ Kimberly Johnson
                                        _____
                                        KIMBERLY MATTHEWS JOHNSON
                                        Chief, General Litigation I
                                        D.C. Bar No. 435163


                                        /s/ Wendel Hall
                                        _____
                                        WENDEL V. HALL
                                        Assistant Attorney General
                                        D.C. Bar No. 439344
                                        Suite 6S012
                                        441 4th Street, N.W.
                                        Washington, D.C.  20001
                                        (202) 724-6608
                                        (202) 727-0431 (fax)
                                        E-mail: wendel.hall@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THRYA LOWE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-0002205 (HHK) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### I.    INTRODUCTION

Plaintiff was employed in the District of Columbia Department of Health ("DOH"). Plaintiff's services were not retained when the DOH reorganized each of its organizational units. Plaintiff is now asking this Court to reverse the decision of her supervisors that, after the reorganization, no position that fit her knowledge, skills, and abilities remained. Plaintiff bases her claim for continued employment upon both the D.C. Whistleblower Protection Act, D.C. 1-615.51 *et seq.* ("WPA"), and 42 U.S.C. § 1983.

Plaintiff, however, fails to state a claim under either law. As for her WPA claim, Plaintiff did not disobey an allegedly "illegal order" nor did she make a "protected disclosure," as both terms are defined under the WPA. See D.C. Official Code § 1-615.52. As for the First Amendment claim, Plaintiff did not speak "as a citizen" on a matter of public concern; all of her alleged speech was pursuant to and in connection with the discharge of her employment duties

and in pursuit of her own personal grievances.  Moreover, Plaintiff does not allege that the District has a policy of violating First Amendment rights.  Under controlling Supreme Court authority, Plaintiff cannot base the District's liability upon a theory of *respondeat superior*.  Finally, as noted above, Plaintiff does not allege that her allegedly protected activity was the exclusive reason for the reorganization and the alleged decision not to retain her services thereafter.

## II.     STATEMENT OF FACTS

For the purposes of this motion, the facts as Plaintiff alleges them are assumed to be true.  Plaintiff worked for the Department of Health in an organization unit named Emergency Health and Medical Services Administration ("EHMSA"). Complaint, ¶ 5.  During Plaintiff's tenure at EHMSA, the top management position became available.  Although Plaintiff evaluated herself to be the best-qualified person for the job, Plaintiff was not selected.  Complaint, ¶ 7.  In 2003, according to Plaintiff, she learned of "managements plan (*sic*)" to fund certain employees' pay through a bioterrorism grant.  Complaint, ¶ 8.  In Plaintiff's opinion, it was inappropriate to do so and she explained her viewpoint to "management."  Id.  DOH management, however, did not agree with Plaintiff's legal analysis and went ahead with the plan despite her opinion.  Complaint, ¶¶ 8-9.

As new administrators came to DOH, Complaint, ¶ 14, Plaintiff came to believe that her direct supervisors were "poisoning her reputation" in the eyes of more senior administrators.  Id.  Plaintiff, however, does not allege that the incidents upon which the allegedly damaged reputation were untrue.  Plaintiff later had another disagreement with others in DOH about the disbursement of funds under a cooperative agreement involving the District of Columbia

Hospital Association. Plaintiff's view did not prevail and, as a result, Plaintiff alleges that she was ignored. Complaint, ¶¶ 20-22.

Finally, Plaintiff disagreed with another staffing and funding decision of DOH management. Plaintiff provided her "advice" on the situation, but management made a different decision. Complaint, ¶ 23-24. Meanwhile, the reorganization of the DOH continued and Plaintiff was informed that the position that she occupied was going to be abolished. Complaint, ¶ 25. Plaintiff thereafter filed the instant lawsuit.

## III.    ARGUMENT

A.    <u>Standard Of Review</u>.

The standards for considering a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) are well-established. In a recent employment discrimination case, the court explained the governing law succinctly:

> A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues. It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint or "plead law or match facts to every element of a legal theory.

<u>Runkle v. Gonzales</u>, 391 F. Supp. 2d 210, 220 (D.D.C. 2005)(citations and internal punctuation omitted.) As applied in the analogous context of employment discrimination cases, it also well-established that Plaintiff need not plead a formal prima facie case. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 515 (2002)(involving allegedly discriminatory demotion and termination); <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111 (D.C. Cir. 2000)(involving allegedly discriminatory failure to promote and termination). Yet, because "[T]he Supreme Court's

holding in <u>Swierkiewicz v. Sorema</u> did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim," <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002), <u>quoted in</u> <u>Major v. Plumbers Local Union No. 5</u>, 370 F. Supp. 2d 118, 129 (D.D.C. 2005), the Court may explore whether or not Plaintiff has alleged any set of facts that could ever state a violation of the statutes upon which she bases her claim.  <u>Runkle</u>, 391 F. Supp. 2d at 221; <u>see also</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Brooks-Miller v. England</u>, 357 F. Supp. 2d 197, 201 (D.D.C. 2004); <u>Rochon v. Ashcroft</u>, 319 F. Supp. 2d 23 (D.D.C. 2004).  In particular, the Court may assess whether Plaintiff has alleged sufficient facts to demonstrate that she has been subject to an adverse action, <u>Runkle</u>, 391 F. Supp. 2d at 222; <u>Rochon</u>, 319 F. Supp. 2d at 29, because of an illegal order or a protected disclosure.

      B.    <u>Plaintiff Has Failed To State A Claim Under The D.C. Whistleblower Protection Act</u>.

The WPA prohibits a supervisor from taking a prohibited personnel action "because of the employee's protected disclosure or because of an employee's refusal to comply with an illegal order."  D.C. Official Code § 1-615.53.  Taking Plaintiff's allegations as true and giving her the benefit of all reasonable doubts, it is clear that Plaintiff has not alleged that she was subject to a prohibited personnel action, D.C. Official Code § 1-615.53, because of her refusal to obey an illegal order or because she made a protected disclosure.  <u>Zirkle v. District of Columbia</u>, 830 A.2d 1250, 1258 (D.C. 2003).

Under the WPA, an "illegal order" is "a directive to violate or to assist in violating a federal, state or local law, rule, or regulation."  D.C. Official Code § 1-615.52(a)(4).  Plaintiff asserts that what she views as the unlawful funding of staff positions, contrary to her personal opinion, are illegal orders under the statute. Complaint, ¶ 33. This analysis is incorrect.  First, Plaintiff does not allege that any official of DOH directed her to fund the positions or that she

performed the allegedly unlawful acts.  Instead, she clearly alleges that the funding of these positions was "managements plan (*sic*)", Complaint, ¶ 8, and that she provided "advice" in connection with the "plan."  Complaint, ¶ 24.  Plaintiff does not allege that she took the relevant action but, rather, that despite her opinions, a senior management official "subsequently kept several positions on the grant."  What Plaintiff alleges is not that she was directed to violate the law and refused but that her supervisors took certain actions with which Plaintiff disagreed.

Nor did Plaintiff make a "protected disclosure" under the WPA.  The WPA defines "protected disclosure" as:

> [a]ny disclosure of information, not specifically prohibited by statute, by an employee to a supervisor or a public body that the employee reasonably believes evidences:
> (A) Gross mismanagement;
> (B) Gross misuse or waste of public resources or funds;
> (C) Abuse of authority in connection with the administration of a public program or the execution of a public contract;
> (D) A violation of a federal, state, or local law, rule, or regulation, or of a term of a contract between the District government and a District government contractor which is not of a merely technical or minimal nature; or
> (E) A substantial and specific danger to the public health and safety.

D.C. Official Code § 1-615.52(a)(6).  In this case, Plaintiff focuses on § 1-615.52(a)(6)(D) and claims that she disclosed a violation of federal law, rule, or regulation "which is not of a merely technical or minimal nature."  Plaintiff fails to make sufficient allegations to support her claim that she made a protected disclosure.

The reason that Plaintiff's Complaint fails in this regard is that all of the alleged disclosures are about prospective conduct, not the retrospectively unlawful or inappropriate conduct that the Council intended.  The WPA is to be interpreted in accordance with its plain language and the Court is to follow the most obvious reading of the statute. Crawford v. District of Columbia, 2006 D.C. App. 15, * 7 & * 7 n. 6.  In this instance, the Council defined "protected

disclosure" as information that evidences certain specified types of wrongdoing. D.C. Official Code § 1-615.52(a)(6). The Council further limited the scope of a protected disclosure to such information that an employee "reasonably believes" evidences the specified wrongdoing.

The most natural reading of the categories identified by the Council is a retrospective one. "Gross mismanagement" suggests that a manager has taken some action that is grossly incompetent. It does not suggest that a manager might be considering taken an action that an employee might choose to characterize as mismanagement. The same is true for the "gross misuse or waste of public funds." It is impossible to determine whether funds were misused or wasted until the funds have been spent. "Abuse of authority in connection with the administration" of a public program suggests abusive decisions have been made. If the authority has not yet been exercised, it cannot be abused. As for violations of law, one cannot disclose a violation of the law unless the law has been violated (or an action has been taken that an employee reasonably believes violates the law). The same is true for public safety issues. In short, the most natural reading of the statute is retrospective: protected disclosures include disclosures of information about actions that have already taken place.

The conclusion that follows from the most natural reading of the statute is reinforced by the policy underlying the statute. The Council did not intend the WPA to become a sword in the hands of employees for use in policy discussions. Zirkle v. District of Columbia, 830 A.2d 1250, 1260 (D.C. 2003). This understanding clearly animates the District of Columbia Court of Appeals' discussion of the test for determining whether a protected disclosure exists:

To determine whether his belief was reasonable, the proper test is as follows:

Could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence [illegality]? A purely subjective perspective of an employee

> is not sufficient even if shared by other employees. The WPA is not a weapon in
> arguments over policy or a shield for insubordinate conduct.

Id.  Implicit in the Court of Appeals' discussion is that the essential facts have occurred or else they could not be known or be "readily ascertainable" by the employee.  Nor could mere policy proposals "evidence illegality" since they may never ripen into government action.  Finally, any policy discussion about what action should be taken can be framed in terms of one of the categories of protected disclosures (e.g., "if the agency does that, I believe that it would be 'gross mismanagement.'")  Not only would the WPA become a "weapon in arguments over policy," it would become a weapon deployed in the most sensitive phases of policy about proposals that may never come to fruition.

A review of Plaintiff's Complaint indicates that each alleged disclosure was made in the context of prospective agency decision making and did not involve information that "evidenc[ed]" any of the specified wrongdoing.  See Complaint, ¶¶ 8, 18, 23.  In short, Plaintiff did not make a protected disclosure under the WPA.  Because she neither made a protected disclosure or was directed to obey an illegal order, Plaintiff has failed to state a prima facie claim under the WPA.

C.    Plaintiff Has Failed To State A Claim Under The First Amendment.

In addition to her WPA claim, Plaintiff attempts to state a claim against the District of Columbia under 42 U.S.C. § 1983 for alleged retaliation under the First Amendment.  Plaintiff fails to state a claim on this theory as well.  First, Plaintiff does not allege that the District of Columbia has a policy of retaliating against employees for activity protected under the First Amendment.  Second, Plaintiff fails to allege a sufficient substantive basis to conclude that her speech was protected under the First Amendment.

9

To prevail under 42 U.S.C. § 1983, Plaintiff must show "a violation of a right secured by the Constitution or by federal law, and (2) that the deprivation was committed by a person acting under the color of state law." Brown v. District of Columbia, 2003 U.S. Dist. Lexis 3570, *31-*32 (D.D.C. March 11, 2003)(Robinson, M.J.), citing Gabriel v. Corrections Corp. of America, 211 F. Supp. 2d 132 (D.D.C. 2002). When a municipality is the named defendant, a plaintiff must show that the deprivation occurred because of a municipal policy or custom so that the municipality is the moving force behind the violation. Baker v. District of Columbia, 2003 U.S. App. LEXIS 8452, *12 (D.C. Cir. May 2, 2003). As the Supreme Court recently explained:

> Locating a policy ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.

Bd. of County Commrs. v. Brown, 520 U.S. 397, 403-04 (1997). Unless Plaintiff clearly shows that the alleged constitutional deprivation occurred pursuant to a Government policy, she can obtain none of the relief she seeks. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978)("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers.").

The standard for analyzing claims of First Amendment retaliation is well established. First, a plaintiff must show that he or she was speaking "as a citizen," Connick v. Myers, 461 U.S. 138, 142 (1983), and "on a matter of public concern." O'Donnell v. Barry, 148 F.3d 1126, 1133 (D.C. Cir. 1998). There are two threshold inquiries. First, the plaintiff must show that she was speaking "as a citizen," Connick v. Myers, 461 U.S. 138, 142 (1983), and not merely in

connection with her duties as an employee. These inquiries should be treated separately. [1] <u>Cf.</u> <u>Thompson v. District of Columbia</u>, 428 F.3d 283, 291 (D.C. Cir. 2005)(noting that appellee did not argue that plaintiff had not been speaking "as a citizen" and refusing to consider); <u>Fox v.</u> <u>District of Columbia</u>, 83 F.3d 1491, 1495 (D.C. Cir. 1996)(that speech was about a routine job matter did not <u>per se</u> disqualify it from being a matter of public concern).

Next, the plaintiff must prove causation. <u>Id.</u> A plaintiff does not prove causation by attacking the wisdom or correctness of his or her supervisor's decision. <u>Fischbach v. District of</u> <u>Columbia</u>, 86 F.3d 1180, 1183 (D.C. Cir. 1996). Plaintiff must show that specific instances of protected speech were "a substantial or motivating factor in prompting the retaliatory or punitive act of which she complains." <u>O'Donnell</u>, 148 F.3d at 1133.

Finally, the government must be given an opportunity to show that the same allegedly retaliatory action would have been taken regardless of the specific protected speech at issue. <u>O'Donnell</u>, 148 F.3d at 1133. The First Amendment does not allow an employee to place himself or herself "in a better position as a result of protected conduct than he would have occupied had he done nothing." <u>Mt. Healthy School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977).

Plaintiff has failed to allege an actionable violation of her First Amendment rights. Plaintiff did not speak out <u>as a citizen</u>. The statements that she now claims are protected relate solely to ordinary workplace discussions and disagreements with her supervisor. "It is entirely ordinary for an employee to fairly and reasonably disagree with a supervisor who overturns the employee's decision." <u>Willis v. Dep't of Agriculture</u>, 141 F.3d 1139, 1143 (Fed. Cir. 1998).

---

[1]     The District notes that the United States Supreme Court is currently considering how to apply this restriction in the context of public employee speech in <u>Garcetti v. Ceballos</u>, 125 S. Ct. 1395 (2005).

Because the D.C. Circuit has not addressed the meaning of "as a citizen" in this context, the case law describing the substantive scope of a "matter of public concern," see, e.g. O'Donnell v. Barry, 148 F.3d 1126, 1133 (D.C. Cir. 1998)(rejecting claims that several statements were matters of public concern, except letter to editor); Fox v. District of Columbia, 83 F.3d 1491, 1495 (D.C. Cir. 1996)(that speech was about a routine job matter did not per se disqualify it from being a matter of public concern), does not govern this analysis. Instead, the controlling authority comes from the Supreme Court's decision in Connick v. Myers, 461 U.S. 138, 142 (1983), which expressly distinguishes between an employee's role as an employee (in that case pursuing a workplace grievance) and as a citizen.  Id.

Plaintiff alleges two distinct acts of speech in support of her First Amendment claim. Complaint, ¶ 37.  The first is her alleged explanation in connection with the allocation of funds related to the D.C. Hospital Association. Complaint, ¶ 19. The second is her alleged disagreement with a proposal related to an allegedly proposed RIF.  Complaint, ¶ 23. All of Plaintiff's concerns relate to ordinary communications among management officials concerning prospective policy choices.  Such ordinary work communications are not made "as a citizen," Connick v. Myers, 461 U.S. 138, 142 (1983), and are not protected by the First Amendment.

To hold the District liable, Plaintiff must prove that a policy adopted by District officials with final policymaking authority caused the alleged constitutional violation. St. Louis v. Praprotnik, 485 U.S. 112, 126-27, 130 (1988)(plurality)[2];  Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).  A municipal government cannot be held liable simply because its employees misused discretionary authority, i.e., there is no respondeat superior

_____

[2]        Praprotnik was a plurality decision.  However, it appears that the District of Columbia Circuit recognizes this Justice O'Connor's opinion as authoritative.

liability.  Monell, 436 U.S. at 694; see also Praprotnik, 485 U.S. at 130 (1988).  Municipal

governments are to "be held responsible when, and only when, their official policies cause their

employees to violate another person's constitutional rights."  Praprotnik, 485 U.S. at 122.

Because only official policies lead to municipal liability, "[o]nly those municipal officials who

have 'final policymaking authority' may be their actions subject the government to § 1983

liability," Praprotnik, 485 U.S. at 123.

In this case, Plaintiff alleges that the District is liable for the actions of DOH managers

and not because of its own actions. Instead, Plaintiff explicitly alleges that it was the allegedly

wrongful use of discretionary authority that establishes the District's liability.  Complaint, ¶ 2

(supervisors "approved, ratified, and adopted" actions against Plaintiff).  The Supreme Court has

clearly stated that the misuse of supervisory authority (and it was not, in fact, misused) does not

establish a basis for municipal liability under 42 U.S.C. § 1983.  Monell v. Dep't of Soc. Servs.,

436 U.S. 658, 695 (1978).  Since the District's liability cannot be based on *respondeat superior*,

Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff fails to state a claim for violation of the First Amendment under 42 U.S.C. §

1983.  She explicitly bases her claim on the alleged misuse of discretionary authority vested in

management officials of the Department of Health.[3]  Municipal liability under 42 U.S.C. § 1983

cannot be based on such a theory.  Moreover, Plaintiff's internal, work-related speech advancing

nothing more than her policy views and "advice," Complaint, ¶ 24, is not speech as a citizen on a

matter of public concern.  Instead, it is merely the example of the give-and-take among

management officials of a large government agency.  If such comments were sufficient to trigger

First Amendment protection, then this Court would become the arbiter of last resort as to every

---

[3]    Defendant strongly denies that any misuse of such authority occurred.

strongly-felt policy difference between government supervisors and their subordinates. Plaintiff's claim under 42 U.S.C. § 1983 should be dismissed.

## IV.    CONCLUSION

In 2003-2004, Plaintiff experienced disappointments in connection with her career advancement.  She had strong views and her supervisors sometimes disagreed with her twice over two years.  This lawsuit is an attempt to obtain a judicial imprimatur upon her policy views and to reverse the DOH's reorganization of EHMSA.  As has been noted, such entirely ordinary disagreements do not rise to the level of actionable legal wrongs:

> Discussion and even disagreement with supervisors over job-related activities is a normal part of most occupations. It is entirely ordinary for an employee to fairly and reasonably disagree with a supervisor who overturns the employee's decision. In complaining to his supervisors, Willis has done no more than voice his dissatisfaction with his superiors' decision.

Willis v. Dep't of Agriculture, 141 F.3d 1139, 1143 (Fed. Cir. 1998).  Plaintiff, though, provides no basis in law for converting these disagreements into full-fledged statutory and constitutional wrongs. The WPA protects only refusals to obey illegal orders and certain disclosures that it deems to be "protected" and Plaintiff has properly alleged neither.  Nor may Plaintiff base a claim of municipal liability under 42 U.S.C. § 1983 on the alleged misuse of discretionary authority by government officials.  Plaintiff has not stated a claim upon which relief can be granted.  Her complaint should be dismissed.

Dated: January 23, 2006                    Respectfully submitted,

                                           ROBERT J. SPAGNOLETTI
                                           Attorney General for the District of Columbia

                                           GEORGE  C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division

/s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing Motion to Dismiss for Failure to State a Claim, the memorandum of points and authorities in support, and a proposed Order were served upon Plaintiff's counsel of record through the Court's ECF/CM system on this 24th day of January 2006.

/s/ Wendel Hall_____
WENDEL HALL
Assistant Attorney General

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THRYA LOWE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-0002205 (HHK) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Having considered Defendant's Motion to Dismiss for Failure to State A Claim, the memorandum of points and authorities in support, Plaintiff's Opposition, Defendant's Reply, and the entire record herein, it is, this ____ day of ____, 2006:

ORDERED:   that Defendant's Motion to Dismiss for Failure to State A Claim shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED:    that Plaintiff's Complaint shall be, and hereby is, DISMISSED.

_____
Henry H. Kennedy
United States District Judge

cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.   20001

F. Douglas Hartnett, Esq.
Elitok & Hartnett
2428 Wisconsin Avenue Nw
Washington DC 20007