**IN FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ : | |
| **THYRA LOWE** : | |
|      Plaintiff, : | |
| : | **Civil Action No. 05-2205 (CKK)** |
|      v. : | |
| : | |
| **DISTRICT OF COLUMBIA,** *et al.,* : | Date: October 22, 2007 |
|      Defendants. : | |
| _____: | |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO
FULLY ANSWER ALL  INTERROGATORIES AND TO COMPLY WITH ALL
DOCUMENT PRODUCTION REQUESTS SUBMITTED IN DISCOVERY</u>

<u>I. STATEMENT OF FACTS</u>

1.  Plaintiff served her first set of interrogatories and requests for the production of documents on Defendant District of Columbia on January 29, 2007, and received an inadequate response June 26, 2007; served interrogatories and requests for the production of documents on Defendant Gregory Pane on January 29, 2007 and received inadequate responses on July 10, 2007; served interrogatories and requests for the production of documents on Defendant Monica Lamboy on January 29, 2007 and received inadequate responses on July 27, 2007; served interrogatories and requests for the production of documents on Defendant Cheryl Edwards on January 29, 2007, and received inadequate responses on June 22, 2007; served interrogatories and requests for the production of documents on Defendant Thomas Calhoun on January 29, 2007, and received inadequate responses on June 25th, 2007.

2.  Plaintiff's Counsel wrote a detailed letter to Defendants' Counsel outlining the failures in these responses on August 15, 2007.  (See Exhibit 1). Since that time, both counsel have conferred over the telephone, and Plaintiff's Counsel has provided information from Ms.

Lowe about where some of the requested information may be found in defendant's offices. (See Exhibit 2)

3.   Defendant's Counsel has responded to Plaintiff's request for additional responses with assurances that additional research is ongoing,  but with the exception of an apparently incomplete personnel file of Plaintiff received by Plaintiff's Counsel on October 5, 2007, has not provided any further responses or identified a date certain for additional responses.

4.   During communications with opposing counsel between August 15th and present, and specifically on September 29, 2007,  Plaintiff's Counsel informed Defendants' Counsel of his intent to file this Motion for Sanctions.

5.   Discovery in this matter has been extended by either Joint or Consent Motion a total of three times, and is now scheduled to close on November 30, 2007.


II. ARGUMENT

Parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of any party.  Fed.R.Civ.Pro. 26(b)(1).   Because employers usually have all or most of the documents relevant to claims of retaliation and discrimination, plaintiffs have broad access to the records of their employers to document their claims.  *Ward's Cove Packing v. Atonio*, 490 U.S. 642, 657, 1109 S.Ct. 2115, 104 L. Ed. 2d 733 (1998) *superseded by statute on other grounds*; *Minority Employee at NASA v. Beggs*, 723 F.2d 958, 962-3 (D.C.Cir. 1983) (reversing summary judgement and ordering employer to produce additional evidence).

A. <u>Plaintiff has Requested Discoverable Evidence</u>

Defendants assert Plaintiff was terminated as a result of a reorganization of the department where Plaintiff worked, and not in retaliation for whistleblowing and protected EEO activity. The Interrogatories and Requests for the production of documents, itemized below, that are the subject of this Motion focus on the elements of the Plaintiff's prima facie case and the veracity of the Defendant's asserted defenses. Therefore, the evidence they request are clearly discoverable.

B. <u>Defendant's Boilerplate, Unexplained Objections Must Fail</u>

Many of the interrogatories served on Defendants, specifically the request for the production of documents, were objected to on the grounds that the relevant documents were/are privileged. However, when a party asserts that a matter is privileged then that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced, which will enable the other party to assess the applicability of the privilege or protection. Fed.R.Civ.Pro. 26(b)(5)(A). The Defendant's here fail to expressly describe the nature of the documents by simply asserting the requested documentation is privileged (see below). The documentation that has been turned over include 281 pages of emails, half of which are duplicates. Further, the emails that were turned over cover the period of time from March until August. Emails from September and October – the two months prior to Plaintiff's termination, are omitted. Plaintiff feels this may be a sign of bad-faith on the part of Defendant's.

Further, many of the answers provided by Defendant's are incomplete or evasive and no reason has been given for the inadequacy of these responses.  (see below).  An evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond.  Fed.R.Civ.Pro. 37(a)(3);  <u>Haynes v. D.C.</u>, 503 A.2d 1219 (D.C. 1986).  Therefore, Plaintiff moves for an order pursuant to Rule 37(a) with respect to Defendant's assertion of privilege and failure to answer an interrogatory.  Fed.R.Civ.Pro. 26(b)(5).

    C.  <u>Plaintiff's Specific Interrogatories and Requests for Production of Documents, Defendant's Responses and Objections, and Detailed Arguments in Favor of Compelling Discovery</u>

Below each of Plaintiff's Interrogatories and Requests for the Production of Documents, the Defendant's Objection or Response are reproduced, followed by Plaintiff's arguments specifically related to the Objection and/or Response provided by Defendant's:

**I.**                         **INTERROGATORIES**

**A. Defendant District of Columbia**

<u>Interrogatory No. 3 for Defendant District of Columbia</u>:

For each individual named in response to Interrogatory #2, please describe in detail what role they played in the decision, what information they provided or what other contribution they made to the decision to abolish Ms. Lowe's position.

<u>Defendant's Response</u>:

Mr. Tillery was the Interim Director of DOH.  Ms. Lamboy was the Chief Operating Officer and Ms. Edwards was the Chief of Staff for DOH.

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

The answer provided does not "describe in detail what role they played in the decision, what information they provided or what other contribution they made to the decision" for any of the eight persons "named in response to Interrogatory #2." Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

Interrogatory No. 5 for Defendant District of Columbia:

> Please identify each employee who was reassigned, dismissed or otherwise left employment from EHMSA _and_/or _DOH_ during the reorganization that led to the abolishment of Ms. Lowe's position, and describe what action was taken and when the employee was notified that action was pending or being taken.

Defendant's Response:

> Dr. Calhoun was reassigned.  On the Monday following Ms. Lowe's dismissal, Ms. Lamboy informed me that the IT staff would be centralized under the new CIO and would likely move from the EHMSA offices and also informed me of another disciplinary procedure being processed involving Ms. Gail Swayne, the Plans and Training Coordinator.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided does not identify each member of the "IT staff" nor does it identify any individual person comprising the "over 200 unfunded positions [Monica Lamboy claims she "eliminated"] across DOH that fall. The answer fails to describe "when [each affected] employee was notified that action was pending or being taken."  The answer also fails to describe all actions comprising and results of the "disciplinary procedure . .  involving Ms. Gail Swaine" and how it was resolved, e.g whether charges were dropped or whether the disciplinary action was upheld or reversed. Finally defendants have not properly identified anyone in this interrogatory. " 'Identify' means to list the name, last known business and home address, and last business and

home telephone number of the person." (See Instructions).  Hence, for purposes of Rule 37(a)(3),

DC has failed to respond to this Interrogatory.


<u>Interrogatory No. 6 for Defendant District of Columbia</u>:

> Please describe in detail all the duties defendant had, whether included in her formal job description or assigned to her on an ad hoc or temporary basis, and which of those duties were assigned to which other staff (identifying them by name, title, salary and status, i.e. full-time or part-time, permanent, temporary, contractor, etc.) following Ms. Lowe's departure from EMHSA.

<u>Defendant's Response</u>:

> Ms. Lowe was responsible for overseeing both the HRSA and CDC bioterrorism grants. In that role, she was responsible for the development of the applications for funding, oversaw the funded projects, tracked the budget, spending, documentation of activities, and for coordination and reporting to the two federal agencies on a weekly and sometimes daily basis.

> Sherry Adams assumed general oversight of personnel at the request of Dr. Pane and Ms. Edwards. All other duties were the responsibility of the incoming Interim Senior deputy Director, Mr. Roderick Blair, and the incoming Interim Chief of Staff, Mr. Andrew Brave, and Interim Medical Director, Jeff Elting, M.D.  At the time, we were told that these individuals were on a 90-day contract.

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

As is apparent from the above, Defendant's the answer does not "describe in detail *all* the

duties defendant had" In fact, the answer does not even identify all of the duties described in the

published job description for a Deputy Administrator, EHMSA, much less any additional duties

our client has asserted she was performing, e.g. supervising all staff and contractors and

provided operational control for emergency responses.  The answer does not "describe in detail .

. .which of those duties were assigned to which other staff" or identify these EHMSA or DOH

staff members by "name, title, *salary and status*" as requested.  Finally you have not otherwise

properly identified anyone in this interrogatory. " 'Identify' means to list the name, last known

-6-

business and home address, and last business and home telephone number of the person." (See

Instructions).  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this

Interrogatory.

Interrogatory No. 7 for Defendant District of Columbia:

>   For each employee who was given one or more of the duties Ms. Lowe performed, please
>   describe in detail the qualifications and experience that employee had which led the
>   deciding management officials to believe they were qualified to perform those duties.

Defendant's Response:

>   At the time Sherry Adams was the Assistant Senior Deputy Director.  I had returned to
>   EHMSA in June or July of that year after a 13 month absence.  Prior to her absence, Ms.
>   Adams had been Ms. Lowe's direct supervisor and had previously overseen the grants.
>   Mr. Brave was a former DC Fire Paramedic and officer with at least an undergraduate
>   degree and Dr. Elting was an M.D.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

Because the current answer to Interrogatory No. 2 does not  "describe in detail *all* the

duties defendant had" nor "describe in detail . . . which of those duties were assigned to which

other staff," this response is insufficient on its face.  The answer is doubly insufficient because it

does not "describe in detail the qualifications and experience that employee had which led the

deciding management officials to believe they were qualified to perform [each of Ms. Lowe's

individual former] duties. " Simply stating that "Mr. Brave was a former DC Firefighter and

Officer" is insufficient to describe his qualifications to perform any of the as yet unidentified

duties he was assigned, e.g. assisting in DOH's readiness and operational capability to respond

to and recover from disasters or emergencies, or assisting with a comprehensive program for

emergency health and medical care for DOH, etc.

Defendant's response does not mention Mr. Blair's qualifications to do anything. Considering that Plaintiff's knowledge and belief is that his pervious job was a caterer at the Heart and Soul Café, Plaintiff is anxious to learn what rational was behind assigning him any of Ms. Lowe's former duties. Finally Defendant's have not properly identified Ms. Adams, Mr. Brave or Mr. Blair in this or any other answer to Plaintiff's interrogatories. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

Interrogatory No. 8 for Defendant District of Columbia:

Please identify and describe each federal government contract or grant administered by the DOH Emergency Health and Medical Services Administration (EHMSA) between November 2002 and November 2004, including identifying the federal agency granting the contract or grant (e.g. the Department of Defense, the Urban Area Security Initiative Funds, the CDC, HRSA, etc.), the purpose and term of the contract or grant, the DOH officials responsible for overseeing or implementing the contract or grant, the DOH positions funded by the contract or grant, and any other descriptive information about the contracts or grants.

Defendant's Response:

The District of Columbia will answer in a supplemental response. Ms. Lowe was in charge of all grants and had all grant records during her term of employment.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

Although Plaintiff is willing to allow a reasonable time to develop and provide a proper answer to this interrogatory, Defendant has not provided any response in the last six weeks nor have they committed to any time frame for providing an answer. Such neglect is clearly unreasonable. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

Interrogatory No. 9 and 10 for Defendant District of Columbia:

Please provide a complete list of EMHSA employees at the time Ms. Lowe's position was abolished (October, 2004), including their position title, rank  (MSS or DS scale), salary, a description of the employee's duties, the source of funding for the position, and whether the position is permanent, temporary, contractor, or some other status" and "the same information requested in Interrogatory #9 for EHMSA employees in April, 2005.

Defendant's Response:

See the payroll reports that show employees for October 2004 and February 2005 and EHMSA's Schedule A documents for FY04 and FY05, known as Exhibit 6.  Answer to Interrogatory 10: See exhibit 6.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided is insufficient because Plaintiff is not in possession of Exhibit 6.[1]

Even if Plaintiff had this exhibit, the description of the documents referred to shows the exhibit it

would be entirely inadequate in relation to the information requested (e.g. "the employees duties,

the source of funding for the position," etc). Hence, for purposes of Rule 37(a)(3), DC has failed

to respond to these Interrogatories.


Interrogatory No. 11 for Defendant District of Columbia:

Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's decision to award a contract to Mayor Sharon Pratt Kelley was discussed.

Defendant's Response:

Based on available information, the protests or objections occurred during the period of time that Michael Richardson, M.D. was the Senior Deputy Director for EHMSA.  The contracts being discussed for former Mayor Kelley that included major information technology projects.

---

[1]  Plaintiff does not here assert that Defendant has not provided this and the other exhibits identified in this Motion.   Plaintiff can only say that she does not now possess them.  Rather than make this issue part of this Motion, Plaintiff has requested a courtesy copy of these exhibits, at her own expense, from defendants.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided is wholly non-responsive because it does not identify *any* "participants, location, dates, [nor] describe in detail the subject matter and discussion of *any* meetings or communication among DOH officials." Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

Interrogatory No. 12 for Defendant District of Columbia:

Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's attempts to pay the salary of Dr. Jeff Elting or any other DC Hospital Association personnel was discussed.

Defendant's Response:

Based on available information, the conversations were between Thyra Lowe and Ronald Lewis who was Monica Lamboy's predecessor and served as the Interim Administrator after Michael Richardson, M.D. left DOH. It was generally known in EHMSA that Ms. Lowe objected to Jeff Elting, M.D. being paid off the grants due to the sum of money involved and HRSA's objections.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided is again wholly non-responsive because it does not "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of any," much less all such "meetings or communication[s] among DOH officials. For example, you have failed to refer to or describe emails and communications concerning HRSA Chief Cdr Melissa Saunders' June 30, 2004, email to Cheryl Edwards, Monica Lamboy, Herbert Tillery, Sherry Adams, Thyra Lowe and Thomas Calhoun, regarding "Funding for Assoc Med Dir Position" much less any meetings or communication precipitated or resulting from Ms. Saunders' unequivocal disapproval of EHMSA's proposed funding of the position. The answer also fails to

describe any meeting(s) in Herbert Tillery's office where Ms. Lowe raised such objections –
meetings that Plaintiff can definitively prove occurred. Such a gross failure to disclose could be
construed as bad faith.  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this
Interrogatory.

Interrogatory No. 13 for Defendant District of Columbia:

> Please identify the participants, location, dates, and describe in detail the subject matter
> and discussion of any meetings or communication among DOH officials in which Ms.
> Lowe's protests or objections to EHMSA's attempts to reallocate DOH personnel under
> the federal grants EHMSA administered was discussed.

Defendant's Response:

> Ms. Lowe had regular and routine communication with HRSA and CDC.  Monica
> Lamboy participated on one or more conference calls regarding grant management and
> both agencies inquired regarding the pace of filling vacancies.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer you provided is again wholly non-responsive because it does not "identify
the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of any"
such "meetings or communication[s] among DOH officials. Simply stating that "Ms. Lowe has
regular and routine communication with HRSA and CDC" or that "Monica Lamboy participated
on one or two conference calls" does not  "identify the *participants, location, dates*, [nor]
describe *in detail* the subject matter and discussion of any" such "meetings or
communication[s]." Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this
Interrogatory.

Interrogatory No. 14 for Defendant District of Columbia:

Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's participation in or support for Ms. Sherry Adams' complaint against the DOH was discussed.

Defendant's Response:

DOH officials and District attorney's did discuss Thyra Lowe's participation in support of Sherry Adams' complaint against DOH. The discussions occurred prior to June or July 2004 when Ms. Adams settled her complaint and returned to EHMSA. Discussions analyzed Ms. Lowe's written statements in support of Ms. Adams. Participants included Herbert Tillery, Cheryl Edwards, Monica Lamboy, Kenneth Campbell, Phillip Husband, and Wendall Hall. Discussions occurred via phone or e-mail or at DOH's 825 North Capitol Street, N.E. offices.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided is again wholly non-responsive because it does not "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of" *all* such "meetings or communication[s] among DOH officials." As for the one and only meeting disclosed, although the answer seems to name all participants, it fails to provide specific dates for when such meetings or communications occurred - "June or July 2004" is not sufficient. Finally the answer does not properly identify anyone in this response. " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions). Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory. The Agency surely has records of these and other such meetings.

Interrogatory No. 15 for Defendant District of Columbia:

Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's contacting he federal Center for Disease Control and Prevention and HRSA regarding DOH's possible or actual violation or laws, rules or regulations governing management of the federal grants administered by EHMSA was discussed.

-12-

Defendant's Response:

On October 15, 2004, Gregg Pane, M.D. and Cheryl Edwards met with Thomas Calhoun, M.D. then Thyra Lowe and then Ms. Sherry Adams. Ms. Adams was told that Dr. Calhoun had been reassigned and Ms. Lowe dismissed. Within the hour, Dr. Pane, Ms. Edwards and Monica Lamboy met with the EHMSA staff including Dr. Calhoun and Ms. Adams to inform them of the changes. Before the close of business that day, Ms. Adams received an email from James Morris, the HRSA program officer, saying that HRSA was restricting our entire grant fund due to the personnel changes. Ms. Adams informed her supervisors.

Roderick Blair was introduced to EHMSA staff the following Monday, October 18, 2004. Around October 19th, Mr. Blair claim to Ms. Adams' office and informed her that Ms. Lowe had violated federal law by notifying the granting agencies of her removal. Ms. Adams informed him that she believed that the federal agencies require key personnel to notify them if they are released, promoted out of position, etc. Ms. Adams told Mr. Blair that Dr. Pane needed to immediately notify HRSA and CDC in writing of the changes. Mr. Blair informed Ms. Adams that it was being done.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided is again wholly non-responsive because it does not "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of" *any and all* such "meetings or communication[s] among DOH officials." Although it mentions the one October 15, 2004, meeting or series of meetings, the answer fails to describe if or how " Ms. Lowe's contacting the federal Center for Disease Control and Prevention and HRSA regarding DOH's possible or actual violation or laws, rules or regulations" was a subject of any one of those meetings. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory. The Agency expects Plaintiff and this Court to believe these personnel changes occurred on one day without any other discussion or communications prior to October 15, 2004. If so, the Agency should affirmatively state that in their response. Instead they furnish this incredible, incomplete, evasive answer.

Interrogatory No. 16 for Defendant District of Columbia:

> Please describe the process, including dates, that the DOH went through with HRSA and CDC grant-funders to approve the reorganization and reclassification of positions related to the grants funded by these federal entities, including communication and correspondence with Jay Morris and/or Commander Melissa Sanders, from HRSA and/or Ms. Robyn Brown and/or her superiors at CDC, and state whether these federal agencies approved the reorganization.

Defendant's Response:

> The District will answer in a supplemental response.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

Although we are willing to allow a reasonable time to develop and provide a proper

answer to this interrogatory, Defendants have not provided any response in the last six weeks nor

have they committed to any time frame for providing an answer. Such neglect is clearly

unreasonable.  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this

Interrogatory.

Interrogatory No. 21 for Defendant District of Columbia:

> Between November, 2002 and October 15, 2004, did any DOH officials discuss candidates, or formally or informally interview potential candidates for the Deputy Administrator or Chief of Staff of EHMSA position?  If so, what DOH officials were involved, who did they consider for the position, and when did they discuss or interview those individuals?

Defendant's Response:

> There were no discussions or interviews related to replacing Thyra Lowe.  Ms. Lowe's position was abolished.  Based on available information, no discussions or interviews related to the Chief of Staff position to [sic] occurred in the time period stated in the interrogatories.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

-14-

This answer, that "no discussions or interviews related to the Chief of Staff position occurred" is amazing. If this answer was accurate, there is no explanation for how Mr. Andrew Brave was hired .  Apparently no DOH official ever mentioned, discussed or met Andrew Brave before he suddenly appeared one day to fill the position. Again, based on facts already in the record, this answer indicates bad faith on the part of the defendant.

### B. Defendant Dr. Gregory Pane

Interrogatory No. 1 for Defendant, Dr. Pane:

Please state, in detail, your role as Director of the Department of Health in the "reorganization" of EHMSA in 2004 that resulted in the abolishment of Ms. Lowe's position.

Defendant's Response:

When I arrived at the Department of Health as then-Acting Director in September 2004, the realignment was mostly completed.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided " When I arrived . . ., the realignment was mostly completed" is evasive and non-responsive.  According to the Districts Answers to Interrogatories, Dr. Pane participated in discussions planning for the reorganization, made the final decision to reorganize and to abolish Ms. Lowe's position, and met with Ms. Lowe to terminate her employment. This answer fails to mention these actions, which are clearly part of Dr. Pane's role in the reorganization.

These and all other decisions or actions undertaken by Dr. Pane that in anyway contributed to the reorganization effort are responsive to this Interrogatory and must be described in specific detail, including names of those persons you met with or conferred with in making or implementing said decisions or actions and dates said decisions or actions occurred. Hence, for purposes of Rule 37(a)(3), Dr. Pane has failed to respond to this Interrogatory.

Interrogatory No. 6 for Defendant, Dr. Pane:

> Please state whether you were aware that Ms. Lowe had contacted the federal Center for Disease Control and Prevention (CDC) and Health Resources Services Administration (HSRA) regarding proposed personnel moves and/or funding allocations under the federal grants from these agencies administered by EHMSA.  If you were aware of this, please state what you knew, and how and when you came by the information.

Defendant's Response:

> I believe that I and others were informed that Thyra Lowe contacted the federal Centers for Disease Control and Prevention and the federal Health Resources and Services Administration on the day that the position was abolished.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer you provided does not answer "how . . . you came by this information," i.e. who informed Dr. Pane and who were the "others" also informed at that time; nor does the answer state all of "*what* you knew," i.e. all of what the person who informed him said to Dr. Pane about the matter.  Hence, for purposes of Rule 37(a)(3), Dr. Pane has failed to respond to this Interrogatory.

### C. Defendant Monica Lamboy

Interrogatory No. 2 for Defendant, Monica Lamboy:

Please identify any management or staff who spoke to you about Ms. Lowe regarding her performance, conduct or tenure at the DOH, explaining what the individuals told you about Ms. Lowe."

Defendant's Response:

I was aware of an array of opinions regarding Ms. Lowe's performance ranging from recognition of her hard work and commitment to the program, to concerns about how she handled herself professionally. I generally recollect conversations with Dr. Thomas Calhoun, Sherry Adams, and Ava Greene Davenport.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer you provided "I was aware of an array of opinions . . . . I generally recollect conversations with . . ." " is evasive and non-responsive because it does not identify each individual who spoke with Ms. Lamboy and what that individual "said about Ms. Lowe" to Ms. Lamboy. " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions). Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

Interrogatory No. 3 for Defendant, Monica Lamboy:

Please explain your rationale for abolishing the position held by Ms. Lowe in October, 2004.

Defendant's Response:

As stated above, during the summer of 2004, we reorganized several administrations. At that time, Interim Director Tillery, Ms. Edwards and myself decided to make no change in EHMSA in order spend [sic] more time understanding its operating needs and the grant funding constraints. At the time, EHMSA was overseen by Dr. Thomas Calhoun, Medical Officer and Acting Senior Deputy Director, and Thyra Lowe, Administrator. While Dr. Calhoun was the administration director, Ms. Lowe provided direct supervision to all of the staff.

In July 2004, Ms. Sherry Adams returned to EHMSA as Assistant Senior Deputy Director. In effect, this created a three-tiered management structure for a work unit that had 32 employees. We came to realize over the following months that was not a workable structure for such a small organization and that it would be better served with a structure similar to the other administrations with modifications. In discussion with Dr. Pane and Cheryl Edwards, we determined it would be best to a create a Chief of Staff position, where the COS reported to the director but did not have direct oversight of employees and to maintain the Administrative Officer position instead of upgrading to an ASM because the budget was very small relative to the other administrations. In recognition of the 24 hour nature of EHMSA's business, it was determined that the Assistant Senior Deputy position would remain although this would be the only administration with this position. The Medical Director position was to be eliminated in recognition that a full time position was not required for this administration. As a result, the position was eliminated, but funding was set aside for a part time, contract position.

The result or [sic] the reorganization would be a significantly flatter organization that would have greater parallels with other administrations.

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

The answer provided generally explains Ms. Lamboy's rationale regarding other positions in the reorganization plan, but it does not explain Ms. Lamboy's rational for the decision to abolish Ms. Lowe's Deputy Administrator position. Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

<u>Interrogatory No. 4 for Defendant, Monica Lamboy</u>:

Please identify any management or staff who spoke to you about Ms. Lowe regarding her performance, conduct or tenure at the DOH, explaining what the individuals told you about Ms. Lowe.

<u>Defendant's Response</u>:

I was aware of Ms. Lowe's concerns regarding the delays in filling vacant positions within the EHMSA and the impact that would have upon the future of the grant. I also was generally aware of her opinion that in the past, positions had been budgeted to the grant, which should not have been. Given that throughout the summer and fall of 2004, I

-18-

was reviewing the entire DOH budget position by position to determine if the funding allocation was correct, her concerns were not unique.  As a result of my analysis, I eliminated over 200 unfunded positions across DOH that fall.

I was also aware of Ms. Lowe's concerns that the staff-level salaries at EHMSA were low relative to the responsibilities.  This, too, was not unique to EHMSA and was an issue in several other administrations.  By the time I left DOH in July 2006, I had been able to upgrade over 30 positions at DOH, several within the EHMSA.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided " I was aware of Ms. Lowe's concerns . . ." is evasive and non-responsive because it does not respond to the question.  The question asks what other managers or staff had spoken to defendant Lamboy about Ms. Lowe, not what Ms. Lowe's concerns were or what Defendant knew about them.  Even as it is, the answer fails to  "state in detail" Ms. Lamboy's knowledge of Ms. Lowe's protests and objections, does not identify the individual "management or staff who spoke" to Ms. Lamboy, nor explain "what the individuals told [Ms. Lamboy]about Ms. Lowe." " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions). Hence, for purposes of Rule 37(a)(3), Monica Lamboy  has failed to respond to this Interrogatory, but instead is a self-serving attempt to puff up Defendant's record as an employee.

Interrogatory No. 6 for Defendant, Monica Lamboy:

Please state whether you were you aware that Ms. Lowe had contacted the federal Center for Disease Control and Prevention (CDC) and Health Resources Services Administration (HSRA) regarding proposed personnel moves and/or funding allocations under the federal grants from these agencies administered by EHMSA.  If so, please state what you knew and how and when you came by the information.

-19-

Defendant's Response:

I am uncertain what this question is specifically asking. I was aware that Ms. Lowe had regular and routine communication with both of these agencies. I had participated on one to two conference calls regarding grant management and both agencies inquired regarding the pace of filling vacancies.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided "I am uncertain . . . . . I was aware . . . I had participated in one or two conference calls . . ." is evasive and non-responsive because it admits meetings occured but fails to specifically "state what you knew and how and when you came by the information." Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

Interrogatory No. 15 for Defendant, Monica Lamboy:

When were Andrew Brave, Rod Blair and Dr. Jeff Elting offered positions at EHMSA, and who made the offers?

Defendant's Response:

I don't personally recall the specific answers. The information should be available through the Department of Health's Human Resources Division.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer you provided "I don't recall. . . . . The information should be available . . ." is evasive and non-responsive because Ms. Lamboy is sued both in her official and individual capacities. In her official capacity, as an agent of DOH, which includes the DOH HR Division, that reports directly to her. Thus, she has direct access to the requested information and she has

a duty to get that information and provide a specific answer to this interrogatory. Hence, for

purposes of Rule 37(a)(3), Monica Lamboy  has failed to respond to this Interrogatory.

Interrogatory No. 16 for Defendant, Monica Lamboy:

> What part did Ava Greene Davenport, Cheryl Edwards, Briant Coleman, Dr. Calhoun,
> Sherry Adams, Deirdre Jordan, Robb Bobb, Sharon Baskerville, Robert Malson, and Jeff
> Elting play in the decision to abolish Ms. Lowe's position?

Defendant's Response:

> The decision to abolish Ms. Lowe's position was made by Dr. Gregory A. Pane, Cheryl
> Edwards, and myself.  The others played no part.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The answer provided " . . . The others played no part"  is evasive and non-responsive

because it is erroneously and disingenuously construes a "part" in the decision to include only

the making of the final decision; and the answer is inconsistent with answers to interrogatories

provided by the District.  For example, according to the District:  Cheryl Edwards met with Ms.

Lowe along with Dr. Pane to "terminate her employment;" Dr. Calhoun and Sherry Adams were

involved in discussions regarding terminating Ms. Lowe's employment; and Dr. Calhoun

provided an email in which Ava Greene Davenport communicated "a number of issues involving

Ms. Lowe that had gone unaddressed" to Dr. Calhoun, Cheryl Edwards and Monica Lamboy.


Communication and information provided by any of these individuals that was considered in

making the decision regarding the Plaintiff's termination would surely be considered a "part . . .

in the decision," even if the information so considered was not ultimately relied upon in making the decision. Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory. We demand a complete answer disclosing all parties and communications which were so considered in making the decision.

<u>Interrogatory No. 18 for Defendant, Monica Lamboy</u>:

What was the disposition of Ms. Swain's infraction?

<u>Defendant's Response:</u>

Ms. Swain submitted an appeal to the notice of suspension indicating that she was directed to engage in the unlawful activities at the direction of Ms. Lowe, her supervisor. The determination upon that appeal is a personnel matter.

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

The answer provided, " . . . The determination upon the appeal is a personnel matter" is evasive and non-responsive because it does not provide the information requested nor assert any cognizable objection or discovery privilege and the reasons for the assertion, as required by Rule33(b)(1). Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

## DEFICIENT PRODUCTION OF DOCUMENTS :

## I.     <u>Defendant District of Columbia's Production of Documents Requested is Woefully Inadequate</u>.

As with the responses to Interrogatories, the Defendants have failed to provide legally sufficient responses, posit good faith objections, or identify, assert and explain any claimed privilege. These failures are detailed below.

Plaintiff's Document Request No.1:

　　Produce all documents identified in, referred to, relied on, or used in preparing responses to any of the foregoing Interrogatories.

Defendant District of Columbia's Response:

　　"See August 30, 2004 Contract Ratification, known as Exhibit 1, the September 14, 2004 Ratification Request package from the District of Columbia of Health for the Washington Hilton, known as Exhibit 2, the Personnel Exchange Agreement for Dr. Jeffrey Elting, known as Exhibit 3, Ms. Thyra Lowe's relevant email, known as Exhibit 4, the Program Announcement 99051, Public Health Preparedness and Response for Bioterrorism, known as Exhibit 5 and Exhibit 6."

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

　　Defendant's response is clearly inadequate on its face. Comparing the Districts answer to Interrogatories to the documents produced, it is apparent that all such documents were not produced. In addition, there is no explanation of what effort was undertaken to find responsive documents or explain why there are only five responsive documents and one incomplete collection of emails form Plaintiff. [2]

Plaintiff's Document Request No. 2:

---

[2] In addition, Plaintiff's counsel has searched his files and cannot find copies of any of the exhibits referred to in this response, save Exhibit 4, the emails from Plaintiff. Counsel is not sure why these documents are missing and at this time does not claim that Defendant has not actually produced them. In a separate communication with Defendant's Counsel, Plaintiff has requested copies of these exhibits again. Hopefully, the parties can cooperatively resolve this issue outside of the context of this Motion.

Produce all documents pertaining to or referencing a communication concerning the facts giving rise to this litigation.

Defendant District of Columbia's Response:

See Exhibits 1,2,3, and 4.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

It is not credible that these constitute all responsive documents. Such documents would include, but are not limited to, meeting notes and/or summaries, letters and email sent or received and stored individual on the shared drive and/or the individual hard drives of Gregg Pane, Herb Tillery, Monica Lamboy, Cheryl Edwards, Sherry Adams, Deirdre Jordan, Tom Calhoun, Ava Davenport and Briant Coleman regarding, *inter alia* : the 2004 DOH reorganization; Ms. Lowe's job performance; issues any DOH employee had with Ms. Lowe and communicated to management, Ms. Lowe's objections to DOH funding practices or proposals; Ms. Lowe's communication with CDC and/or HRSA;, and any emails or summaries of conversations had with Bob Malson, Sharon Baskerville, Jeff Elting or Olivia Wong Kubasik. Becuase plaintiff was the author of many such documents which she sent to defendants and others within DOH, the failure to produce such documents is an outrageous and inexcusable failure on the part of defendants to paticipate in the discovery process in good faith.

Below are just some examples of glaring omissions:

    a.   Mr. Tillery stated in a meeting with Ms. Lowe, Dr. Calhoun and Ms. Adams in the early summer of 2004 that he had received a lot of emails from Dr. Calhoun and Dr. Lucey regarding Ms. Lowe's contacting outside organizations. This culminated in the May 2004 meeting where Mr. Tillery wanted to discuss what Ms. Lowe's "new role" would be at EHMSA.  None of those emails were produced.

b.  There are no emails from Malson, Davenport, Coleman or many other persons mentioned in the interrogatories and there should be quite a few, such as emails between Adams and Tillery regarding Ms. Lowe's position.

c.  There are very few emails, correspondence or summaries regarding Ms. Lowe's position from Monica Lamboy to senior management.  Also, you have failed to produce the email Robert Bobb (then City Administrator) sent out to appoint Dr. Calhoun and Dr. Lucey to their respective interim positions.

Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.  All such documents are discoverable and should be promptly produced.  *See e.g. Maldonado v. Super Ct. of La. County,* Super. Ct. No. BC218248 (CA 2nd Ct. App., 2002) (in employment case, the court compelled production of, *inter alia*, personnel files, job descriptions, all documents pertaining to petitioners' employment or termination which were not in the personnel files, and correspondence between Agencies and/or between Agency personnel pertaining to relevant issues in dispute). Without immediate and complete compliance to this request Plaintiff will seek a spoliation instruction - creating an adverse inference that the documents not produced would have been unfavorable to Defendants. *See Battocchi v. Washington Hosp. Ctr.*, 581 A.2d 759 (DC, 1990).

Plaintiff's Document Request No.3:

Produce all documents pertaining to or referencing a communication referencing Ms. Lowe's communications with federal government agencies providing funds or grants to the DC Department of Health.

Defendant District of Columbia's Response:

See Exhibit 4.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

The District has failed to produce all responsive documents. Defendants' answers to

interrogatories reveal there were several meetings and numerous communications referencing

Ms. Lowe's communications with federal government agencies providing funds or grants to

DOH. For example, there was a July 2004 meeting which culminated in a conference call to

HRSA regarding funding of Dr. Elting's position; there was an email from HRSA Chief Cdr.

Melissa Saunders' that was sent to and/or received by Cheryl Edwards, Monica Lamboy, Herbert

Tillery, Sherry Adams, Thyra Lowe and Thomas Calhoun, regarding "Funding for Assoc Med

Dir Position;" there was email and communications with James Morris from HRSA regarding

grant funds; and there were similar meetings, communications and emails regarding Ms. Lowe's

communications with the CDC and CDC grant funds. Yet all such documents pertaining to these

event were not produced. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this

Request.

<u>Plaintiff's Document Request No.4</u>:

> Produce a complete and accurate copy of any personnel files for Ms. Lowe,
> whether "official" or unofficial, whether kept in any of Ms. Lowe's manager's or
> supervisor's offices, at the Department of Health, or the central DC Personnel
> Office, including memoranda, proposed actions, supervisory notes or records,
> including draft versions of documents and documents not issued to Ms. Lowe.

<u>Defendant District of Columbia's Response</u>:

> Defendant has not located documents relevant to this request.  However,
> according to the rules of discovery, this answer may be supplemented.

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

> Many weeks have passed since the District responded to Plaintiff's requests and the

District has not yet produced these records. Such records are clearly discoverable and should be

promptly produced.  *See Maldonado, supra.*

> DOH is subject to numerous statutory document retention policies. Among other things,

these policies require DOH to maintain a complete and accurate copy of personnel files for Ms. Lowe and for every other employee.  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.

Furthermore, defendants knew or should have known at the time they terminated Ms. Lowe that there was a strong likelihood that her termination would result in litigation and that her personnel files, including memoranda, proposed actions, supervisory notes or records, etc., would be relevant and discoverable in this litigation. Accordingly, should the District fail to promptly produce a complete and accurate copy of Ms. Lowe's  personnel files.

Plaintiff's Document Request No.5:

   Produce all documents received from the federal government pertaining or related
   to the subject matter of this litigation, before or after Ms. Lowe's removal.

Defendant District of Columbia's Response:

   None.

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

As explained above, all such documents have not been produced. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.

Plaintiff's Document Request No. 6:

   Plaintiff's Document Request No.1 requested: "Please provide all inbox and sent
   emails; all emails and subdirectory emails including sent, inbox and saved that
   were stored on the "shared" drive of Ms. Lowe's MS Outlook email box.  Please
   provide them in electronic format.

Defendant District of Columbia's Response:

   See Exhibit 4.

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

All such documents were not produced. Exhibit 4 contains only some such emails, many of which are duplicates, which the District has unilaterally determined to be "relevant." The District must produce *all* of Ms. Lowe's MS Outlook inbox, sent and saved emails and subdirectory emails stored on her former EHMSA computer hard drive and/or the DOPH or EHMSA "shared" drive, in their original electronic format.  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.

## II.    **Defendant Dr. Gregg A. Pane Has Not Produced a Single Document Requested**.

For each document request submitted to Dr. Pane, he answered: "None. I do not have personal possession, custody, or control of documents within the scope of this request.  To the extent that such documents do exist, see the District of Columbia's Responses to Plaintiff's Request for Production, Exhibit 4."

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

This response is not compliant with the rules of discovery. Dr. Pane is named both in his official and personal capacities. In his official capacity as Director of DOH, he has control of and access to all responsive documents in the possession of DOH, EHMSA and any DOH and/or EHMSA personnel. Furthermore, said "Exhibit 4" only "Ms. Thyra Lowe's relevant email." (See District of Columbia's Responses . . ., at page 2.) As such, Exhibit 4 cannot reasonably be construed to contain all documents responsive to all document requests submitted to Dr. Pane.

Since Dr. Pane is sued in his official capacity as an agent of the District, Dr. Pane and the District both have access to all documents responsive to these requests; and Dr. Pane and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Dr. Pane and the District have failed to respond to these Requests.

**III.    Defendant Thomas Calhoun's Response to Request for Production of Documents is Woefully Inadequate**.

For each document request submitted to Dr. Calhoun, he answered: "No such documents are in my care, contact, and/or custody. To the extent that such documents do exist, see the District of Columbia's Responses to Plaintiff's Request for Production, Exhibit 4."

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

This response is not compliant with the rules of discovery. Mr. Calhoun is named both in his official and personal capacities. In his official capacity as Interim Administrator of DOH, EHMSA, he has control of and access to all responsive documents in the possession of DOH, EHMSA and EHMSA personnel.  Even if he no longer has personal access to such documents, becuase he is named in his official capacity, as an  agent of DOH/EHMSA, DOH?EHMSA has a duty to find and provide such documents to him for purposes of discovery in this action.

Furthermore, said "Exhibit 4" contains only "Ms. Thyra Lowe's relevant email." (See District of Columbia's Responses . . ., at page 2.) As such, Exhibit 4 cannot reasonably be construed to contain all documents responsive to all document requests submitted to Mr. Calhoun.

Since he is sued in his official capacity as an agent of the District, Mr. Calhoun and/or the District has access to all documents responsive to these requests; and Mr. Calhoun and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Mr. Calhoun and the District have failed to respond to these Requests.

**IV.    Monica Lamboy Has Not Produced a Single Document Requested**.

For each document request submitted to Monica Lamboy, she answered: "None.  I do not have possession, custody, or control of hard-copy documents within the scope of this request as I am no longer employed by the Department of Health.  I may have possession, custody, or control

of some electronic documents within the scope of this request and am attempting to identify such documents."

Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response:

This response is not compliant with the rules of discovery. Monica Lamboy is named both in her former official capacity as Chief Operating Officer of DOH as well as in her personal capacity. Also, curiously DOH and Ms. Lamboy are both represented by the same attorney, Assistant Attorney General David A. Jackson. In her official capacity she had control of and access to all responsive documents in the possession of DOH, EHMSA and EHMSA personnel. Even if she no longer has personal access to such documents, because she is named in her official capacity, as an agent of DOH, DOH has a duty to find and provide such documents to her for purposes of discovery in this action.

Furthermore, these responses are also unacceptable because Ms. Lamboy had not identified those "electronic documents within the scope of" these requests that are in her "possession, custody, or control" and she has not committed to any reasonable time frame for producing said documents.

Since she is sued in his official capacity as an agent of the District, Monica Lamboy and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Monica Lamboy and the District have failed to respond to these Requests.


V.    **Cheryl Edwards Has Not Produced a Single Document Requested**.

For each document request submitted to Cheryl Edwards, she answered: "None. I do not have possession, custody, or control of documents within the scope of this request as I am no longer employed by the Department of Health. To the extent that such documents do exist, see the District of Columbia's Responses to Plaintiff's Request for Production, Exhibit 4."

<u>Plaintiff's Argument in Favor of Compelling an Immediate and More Definite Response</u>:

This response is not compliant with the rules of discovery. Cheryl Edwards is named both in her former official capacity as Interim Chief of Staff of EHMSA, as well as in her personal capacity. Also, curiously DOH and Cheryl Edwards are both represented by the same attorney, Assistant Attorney General David A. Jackson. In her official capacity she had control of and access to all responsive documents in the possession of EHMSA and EHMSA personnel. Even if she no longer has personal access to such documents, because she is named in her official capacity, as an agent of DOH, DOH has a duty to find and provide such documents to her for purposes of discovery in this action.

Since she is sued in his official capacity as an agent of the District, Cheryl Edwards and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Cheryl Edwards and the District have failed to respond to these Requests.

## **<u>CONCLUSION</u>**

Despite speaking with opposing counsel about the above mentioned concerns over the telephone on multiple occasions and after sending a letter with the above mentioned concerns articulated opposing counsel continues to disregard Plaintiff's concerns regarding their discovery. Therefore, Plaintiff prays the court will issue an order compelling adequate discovery and awarding any sanctions, including attorney fees related to the preparation of this Motion,

that may be appropriate to ensure continued compliance and cooperation.  See, Henneke v.

Sommer, 431 A.2d 6 (D.C. 1981).

                              Respectfully Submitted,


                               /s/ *F. Douglas Hartnett*
                              F. Douglas Hartnett
                              Elitok & Hartnett at Law, LLC
                              2428 Wisconsin Avenue, NW
                              Washington, DC 20007
                              202 -965-0529 (vox)
                              202-965-0930 (fax)
                              Counsel for Appellant