# ELITOK & HARTNETT AT LAW, L.L.C.

2428 WISCONSIN AVENUE, NW, 2ND FLOOR, • WASHINGTON, DC • 20007 • (202) 965-0529 • (202) 965-0530 - FAX

*F. Douglas Hartnett, admitted in MD, DC*
*Eda Elitok, authorized to practice before federal*
*immigration agencies, not a licenced attorney.*

October 5, 2007

David A. Jackson
Assistant Attorney General
441 Fourth Street, NW, 6th South
Washington, D.C. 20001

Re:   Lowe v. District of Columbia, et al., Civil Action No. 05-cv-02205

Dear Mr. Jackson:

   Following up on our recent phone conversations about the status of discovery in this matter, we are unable to locate copies of exhibits one, two, three, five and six, from the District's responses. We do have a CD ROM disc which contains exhibit four, Ms. Lowe's emails (partial). I have reviewed our office log and it shows the dates we received responses accurately, but does not note whether the exhibits were included. I have no interest in assigning blame, and do not want this to become part of our larger discovery dispute, but I know that I do not have those exhibits now, and obviously, need them. Therefore, in the interest of resolving this issue without delay, I am willing to reimburse the District for cost of copying these exhibits if you would graciously have that done and send them to me. I appreciate your cooperation.

   I also have reviewed your Discovery requests and our responses. My understanding is that we both agree that there was no "First Set" of Interrogatories or Document Requests from the Defendants. The first Discovery request we received was a "Second Request for the Production of Documents," on October 20, 2006. It did not include any Interrogatories.[1] We also received a Third Set of Interrogatories and Request for the Production of Documents on January 5, 2007. We have responded to the Second Request for the Production of Documents and the Third Set of Interrogatories.

   In summary, we are not in possession of any "Second Set of Interrogatories" from Defendants. If there was one, please provide us a copy and we will respond. We are drafting or response and gathering relevant documents for the Third set of Request for the Production of Documents, and expect to have that to you by the end of this week.

                                        Best Regards,


                                        F. Douglas Hartnett

---

   [1] Some confusion may originate from the footnote in our response to the 2nd Request for the Production of Documents. The document title accurately describes the response but the footnote refers to the response as being to the "Defendant's Seocnd [stet] Set of Interrogatories to Plaintiff."

# ELITOK & HARTNETT AT LAW, L.L.C.

2428 WISCONSIN AVENUE, NW, 2ND FLOOR, • WASHINGTON, DC • 20007 • (202) 965-0529 • (202) 965-0530 - FAX

*F. Douglas Hartnett, admitted in MD, DC*
*Eda Elitok, authorized to practice before federal*
*immigration agencies, not a licenced attorney.*

## MEMORANDUM

**To:** David A. Jackson, Assistant Attorney General, D.C.
**From:** Roy John S. Levy
**RE:** Lowe v. District of Columbia, *et al,* Civil Action No. 05-2205 (CKK) - D.C.; Individual Defendants' Discovery Response Deficiencies
**DATE:** August 14, 2007

### DEFICIENT ANSWERS TO INTERROGATORIES:

**I.** **The District's Answers to Plaintiff's Interrogatories are Not Properly Sworn and Signed, and They Do Not Identify Which District Agent is Providing Which Answer.**

    Federal Rules of Civil Procedure, Rule 33(b) requires: "Each interrogatory shall be answered separately and fully in writing under oath," and "[t]he answers are to be signed by the person[s] making them." Fed. R. Civ. P., Rule 31(b) (Lexis 2007). However, the answers provided by the District do no comply with these requirements.
    DC has submitted answers sworn to only by a paralegal who compiled them and has no personal knowledge regarding any answer contained therein. Furthermore, although the paralegal admits that these answers include "knowledge of" several "agents, representatives, and attorneys" of the District of Columbia, he fails to identify these individual "agents, representatives, and attorneys" "and which answers each provided or contributed to. Accordingly, each individual interrogatory answer is not "signed by the person making them" nor has any person providing such answers been sworn under oath when providing their answer, as required by Rule 31(b). The result is that the answers provided are worthless to Plaintiff at trial, because no individual person can be identified nor held accountable for the truth or accuracy of any answer provided.
    Accordingly, Plaintiff demands the District provide us with properly sworn and signed, responses to all of Plaintiff's Interrogatories no later than noon on August 27, 2007.

**II.     Many Answers to Plaintiff's Interrogatories Provided by the District Are Incomplete and/or Non-Responsive**

**The District's Response to Plaintiff's Interrogatory No. 3:**

Interrogatory No. 2. requests: "For each individual named in response to Interrogatory #2, please describe in detail what role they played in the decision, what information they provided or what other contribution they made to the decision to abolish Ms. Lowe's position."

The answer provided does not "describe in detail what role they played in the decision, what information they provided or what other contribution they made to the decision" for any of the eight persons "named in response to Interrogatory #2." Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 5:**

Interrogatory No. 5 requests: "Please identify each employee who was reassigned, dismissed or otherwise left employment from EHMSA *and/or* *DOH* during the reorganization that led to the abolishment of Ms. Lowe's position, and describe what action was taken and when the employee was notified that action was pending or being taken." The answer provided does not identify each member of the "IT staff" nor does it identify any individual person comprising the "over 200 unfunded positions [Monica Lamboy claims she "eliminated"] across DOH that fall. The answer fails to describe "when [each affected] employee was notified that action was pending or being taken."  The answer also fails to describe all actions comprising and results of the "disciplinary procedure . . involving Ms. Gail Swaine" and how it was resolved, e.g whether charges were dropped or whether the disciplinary action was upheld or reversed. Finally you have not properly identified anyone in this interrogatory. " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions).  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 6:**

Interrogatory No. 6 requests: "Please describe in detail all the duties defendant had, whether included in her formal job description or assigned to her on an ad hoc or temporary basis, and which of those duties were assigned to which other staff (identifying them by name, title, salary and status, i.e. full-time or part-time, permanent, temporary, contractor, etc.) following Ms. Lowe's departure from EMHSA."

As you well know, the answer provided does not "describe in detail *all* the duties defendant had" In fact, the answer does not even identify all of the duties described in the published job description for a Deputy Administrator, EHMSA, much less any additional duties she was assigned by the Administrator, e.g. she also supervised all staff and contractors and provided operational control for emergency responses.  The answer does not "describe in detail . . .which of those duties were assigned to which other staff" or identify these EHMSA or DOH staff members by "name, title, *salary and status"* as requested.  Finally you have not otherwise properly identified anyone in this interrogatory. " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions).  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 7:**

Interrogatory No. 7 requests: "For each employee who was given one or more of the duties Ms. Lowe performed, please describe in detail the qualifications and experience that employee had which led the deciding management officials to believe they were qualified to perform those duties. " Because the current answer to Interrogatory No. 2 does not "describe in

detail *all* the duties defendant had" nor "describe in detail . . . which of those duties were assigned to which other staff."

The answer to this Interrogatory is doubly insufficient because it does not "describe in detail the qualifications and experience that employee had which led the deciding management officials to believe they were qualified to perform [each of Ms. Lowe's individual former] duties." Simply stating that "Mr. Brave was a former DC Firefighter and Officer" is insufficient to describe his qualifications to perform any of the as yet unidentified duties he was assigned, e.g. assisting in DOH's readiness and operational capability to respond to and recover from disasters or emergencies, or assisting with a comprehensive program for emergency health and medical care for DOH, etc. I believe they do not teach these leadership and technical skills in DC Fire and Paramedic training.

What's more glaring is that you don't mention Mr. Blair's qualifications to do anything. Considering that his previous job was as a caterer at the Heart and Soul Café, I look forward to reading your justification for assigning him any of Ms. Lowe's former duties. Finally you have not properly identified Ms. Adams, Mr. Brave or Mr. Blair in this or any other answer to Plaintiff's interrogatories. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 8:**

Interrogatory No. 8 requests: "Please identify and describe each federal government contract or grant administered by the DOH Emergency Health and Medical Services Administration (EHMSA) between November 2002 and November 2004, including identifying the federal agency granting the contract or grant (e.g. the Department of Defense, the Urban Area Security Initiative Funds, the CDC, HRSA, etc.), the purpose and term of the contract or grant, the DOH officials responsible for overseeing or implementing the contract or grant, the DOH positions funded by the contract or grant, and any other descriptive information about the contracts or grants."

Although we are willing to allow you a reasonable time to develop and provide a proper answer to this interrogatory, you have not provided any response in the last six weeks nor have you committed to any time frame for providing an answer. Such neglect is clearly unreasonable. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 9 and 10:**

Interrogatories No. 9 and 10 request: "Please provide a complete list of EMHSA employees at the time Ms. Lowe's position was abolished (October, 2004), including their position title, rank (MSS or DS scale), salary, a description of the employee's duties, the source of funding for the position, and whether the position is permanent, temporary, contractor, or some other status" and "the same information requested in Interrogatory #9 for EHMSA employees in April, 2005."

The answer provided is insufficient because Exhibit 6 does not provide all of the information requested (e.g. "the employees duties, the source of funding for the position," etc. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to these Interrogatories.

**The District's Response to Plaintiff's Interrogatory No. 11:**

Interrogatory No. 11 requests: "Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's decision to award a contract to Mayor Sharon Pratt Kelley was discussed."

The answer you provided is wholly non-responsive because it does not identify *any* "participants, location, dates, [nor] describe in detail the subject matter and discussion of *any* meetings or communication among DOH officials." Hence, for purposes of Rule 37(a)(3), DC

has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 12:**

Interrogatory No. 12 requests: "Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's attempts to pay the salary of Dr. Jeff Elting or any other DC Hospital Association personnel was discussed."

The answer you provided is again wholly non-responsive because it does not "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of any," much less all such "meetings or communication[s] among DOH officials. For example, you have failed to refer to or describe emails and communications concerning HRSA Chief Cdr Melissa Saunders' June 30, 2004, email to Cheryl Edwards, Monica Lamboy, Herbert Tillery, Sherry Adams, Thyra Lowe and Thomas Calhoun, regarding "Funding for Assoc Med Dir Position" much less any meetings or communication precipitated or resulted from Ms. Saunders' unequivocal disapproval of EHMSA's proposed funding of the position. You have also failed to describe any meeting(s) in Herbert Tillery's office where Ms. Lowe raised such objections. Such a gross failure to disclose smacks of bad faith. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 13:**

Interrogatory No. 13 requests: "Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's attempts to reallocate DOH personnel under the federal grants EHMSA administered was discussed."

The answer you provided is again wholly non-responsive because it does not "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of any" such "meetings or communication[s] among DOH officials. Simply stating that "Ms. Lowe has regular and routine communication with HRSA and CDC" or that "Monica Lamboy participated on one or two conference calls" does not  "identify the *participants, location, dates*, [nor] describe *in detail* the subject matter and discussion of any" such "meetings or communication[s]." Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 14:**

Interrogatory No. 14 requests: "Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's participation in or support for Ms. Sherry Adams' complaint against the DOH was discussed."

The answer you provided is again wholly non-responsive because it does not "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of" *all* such "meetings or communication[s] among DOH officials."  As for the one and only meeting disclosed, although you seem to identify all participants, you have failed to provide specific dates for when such meetings or communications occurred - "June or July 2004" is not sufficient. Finally you have not properly identified anyone in this interrogatory. " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions).  Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory. The Agency surely has records of these and other such meetings and any failure to disclose all requested specific details for all such meetings will necessitate a motion to compel.

**The District's Response to Plaintiff's Interrogatory No. 15:**

Interrogatory No. 15 requests: "Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's contacting he federal Center for Disease Control and Prevention and HRSA regarding DOH's possible or actual violation or laws, rules or regulations governing management of the federal grants administered by EHMSA was discussed."

The answer you provided is again wholly non-responsive because it does not "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of" *any and all* such "meetings or communication[s] among DOH officials." Although you mention the one October 15, 2004, meeting or series of meetings, you fail to describe if or how " Ms. Lowe's contacting he federal Center for Disease Control and Prevention and HRSA regarding DOH's possible or actual violation or laws, rules or regulations" was a subject of any one of those meetings. After all, according to your answer, the email from James Morris arrived some hours later at 4:53 p.m.. Also, even if this was a subject of said meeting(s) on October 15, 2004, we believe Judge Kennedy will be as incredulous as we are that this was the only day or meeting when this subject was discussed. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory. The Agency surely has records of these and other such meetings and any failure to disclose all requested specific details for all such meetings will necessitate a motion to compel.

**The District's Response to Plaintiff's Interrogatory No. 16:**

Interrogatory No. 16 requests: "Please describe the process, including dates, that the DOH went through with HRSA and CDC grant-funders to approve the reorganization and reclassification of positions related to the grants funded by these federal entities, including communication and correspondence with Jay Morris and/or Commander Melissa Sanders, from HRSA and/or Ms. Robyn Brown and/or her superiors at CDC, and state whether these federal agencies approved the reorganization."

Although we are willing to allow you a reasonable time to develop and provide a proper answer to this interrogatory, you have not provided any response in the last six weeks nor have you committed to any time frame for providing an answer. Such neglect is clearly unreasonable. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Interrogatory.

**The District's Response to Plaintiff's Interrogatory No. 21:**

Interrogatory No. 21 requests: "Between November, 2002 and October 15, 2004, did any DOH officials discuss candidates, or formally or informally interview potential candidates for the Deputy Administrator or Chief of Staff of EHMSA position?  If so, what DOH officials were involved, who did they consider for the position, and when did they discuss or interview those individuals?"

Your answer, that "no discussions or interviews related to the Chief of Staff position occurred" is amazing. If this were true, then how was Andrew Brave hired?  We believe Judge Kennedy will be as incredulous as we are that no DOH official ever mentioned, discussed or met Andrew Brave before he suddenly appeared one day to fill the position. We strongly suggest that you reconsider and provide a more complete and accurate answer to this interrogatory.

Pursuant to Federal Rules of Civil Procedure, Rule 37, you are hereby notified that if DC does not provide properly sworn and signed, complete, accurate and detailed responses to Plaintiff 's Interrogatories within seven (7) days, Plaintiff will file  a motion to compel, which shall ask for an award of "reasonable expenses incurred in making the motion, including attorney's fees." Considering the gross inadequacy of your tendered responses, such a motion and award would surely be granted.

**III      Many Answers to Plaintiff's Interrogatories Provided by Dr. Greg A. Pane Are Incomplete and/or Non-Responsive**

**Dr. Pane's Response to Plaintiff's Interrogatory No. 1:**

Interrogatory No. 1 requests: "Please state, in detail, your role as Director of the Department of Health in the "reorganization" of EHMSA in 2004 that resulted in the abolishment of Ms. Lowe's position."

The answer you provided " When I arrived . . ., the realignment was mostly completed" is evasive and non-responsive.  According to the Districts Answers to Interrogatories, Dr. Pane participated in discussions planning for the reorganization, made the final decision to reorganize and to abolish Ms. Lowe's position, and met with Ms. Lowe to terminate her employment. Your answer fails to mention these actions, which are clearly part of Dr. Pane's role in the reorganization.

These and all other decisions or actions undertaken by Dr. Pane that in anyway contributed to the reorganization effort are responsive to this Interrogatory and must be described in specific detail, including names of those persons you met with or conferred with in making or implementing said decisions or actions and dates said decisions or actions occurred. Hence, for purposes of Rule 37(a)(3), Dr. Pane has failed to respond to this Interrogatory.

**Dr. Pane's Response to Plaintiff's Interrogatory No. 6:**

Interrogatory No. 6 requests: "Please state whether you were aware that Ms. Lowe had contacted the federal Center for Disease Control and Prevention (CDC) and Health Resources Services Administration (HSRA) regarding proposed personnel moves and/or funding allocations under the federal grants from these agencies administered by EHMSA.   If you were aware of this, please state what you knew, and how and when you came by the information.."

The answer you provided does not answer "how . . . you came by this information," i.e. who informed Dr. Pane and who were the "others" they also informed at that time; nor does your answer state all of "*what* you knew," i.e. all of what the person who informed you said to Dr. Pane about the matter. Hence, for purposes of Rule 37(a)(3), Dr. Pane has failed to respond to this Interrogatory.


**IV      Many Answers to Plaintiff's Interrogatories Provided by Monica Lamboy Are Incomplete and/or Non-Responsive**

**Monica Lamboy's Response to Plaintiff's Interrogatory No. 2:**

Interrogatory No. 2 requests: "Please identify any management or staff who spoke to you about Ms. Lowe regarding her performance, conduct or tenure at the DOH, explaining what the individuals told you about Ms. Lowe."

The answer you provided "I was aware of an array of opinions . . . . I generally recollect conversations with . . ." " is evasive and non-responsive because it does not identify each individual who spoke with Ms. Lamboy and what that individual "said about Ms. Lowe" to Ms. Lamboy. " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions). Hence, for purposes of Rule 37(a)(3), Monica Lamboy  has failed to respond to this Interrogatory.

**Monica Lamboy's Response to Plaintiff's Interrogatory No. 3:**

Interrogatory No. 3 requests: "Please explain your rationale for abolishing the position held by Ms. Lowe in October, 2004."

The answer you provided generally explains Ms. Lamboy's rationale regarding other positions in the reorganization plan, but it does not explain Ms. Lamboy's rational for the

decision to abolish Ms. Lowe's Deputy Administrator position. Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

**Monica Lamboy's Response to Plaintiff's Interrogatory No. 4:**

Interrogatory No. 4 requests: "Please identify any management or staff who spoke to you about Ms. Lowe regarding her performance, conduct or tenure at the DOH, explaining what the individuals told you about Ms. Lowe."

The answer you provided " I was aware of Ms. Lowe's concerns . . ." is evasive and non-responsive because it does not "state in detail" Ms. Lamboy's knowledge of Ms. Lowe's protests and objections, does not identify the individual "management or staff who spoke" to Ms. Lamboy, nor explain "what the individuals told [Ms. Lamboy]about Ms. Lowe." " 'Identify' means to list the name, last known business and home address, and last business and home telephone number of the person." (See Instructions). Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

**Monica Lamboy's Response to Plaintiff's Interrogatory No. 6:**

Interrogatory No. 6 requests: "Please state whether you were you aware that Ms. Lowe had contacted the federal Center for Disease Control and Prevention (CDC) and Health Resources Services Administration (HSRA) regarding proposed personnel moves and/or funding allocations under the federal grants from these agencies administered by EHMSA. If so, please state what you knew and how and when you came by the information.."

The answer you provided "I am uncertain . . . . . I was aware . . . I had participated in one or two conference calls . . ." is evasive and non-responsive because it does not specifically "state what you knew and how and when you came by the information.." Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

**Monica Lamboy's Response to Plaintiff's Interrogatory No. 15:**

Interrogatory No. 15 requests: "When were Andrew Brave, Rod Blair and Dr. Jeff Elting offered positions at EHMSA, and who made the offers?"

The answer you provided "I don't recall. . . . . The information should be available . . ." is evasive and non-responsive because Ms. Lamboy is sued both in her official and individual capacities. In her official capacity, as an agent of DOH, which includes the DOH HR Division that reports directly to her. Thus, she has direct access to the requested information and she has a duty to get that information and provide a specific answer to this interrogatory. Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

**Monica Lamboy's Response to Plaintiff's Interrogatory No. 16:**

Interrogatory No. 16 requests: "What part did A.A. Greene Davenport, Cheryl Edwards, Briant Coleman, Dr. Calhoun, Sherry Adams, Deirdre Jordan, Robb Bobb, Sharon Baskerville, Robert Malson, and Jeff Elting play in the decision to abolish Ms. Lowe's position?"

The answer you provided " . . . The other played no part" is evasive and non-responsive because it erroneously and disingenuously construes a "part" in the decision to include only the making of the final decision; and the answer is inconsistent with answers to interrogatories provided by the District. For example, according to the District: Cheryl Edwards met with Ms. Lowe along with Dr. Pane to "terminate her employment;"Dr. Calhoun and Sherry Adams were involved in discussions regarding terminating Ms. Lowe's employment; and Dr. Calhoun provided an email in which Ava Greene Davenport communicated "a number of issues involving Ms. Lowe that had gone unaddressed" to Dr. Calhoun, Cheryl Edwards and Monica Lamboy.

I believe that, should you force us to argue semantics in a Motion to Compel, Judge Kennedy will likely construe a"part . . . in the decision" to include any communication provided

by any of these individuals that was considered in making the decision, even if the information so considered was not ultimately relied upon in making the decision. Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory. Please provide a complete answer disclosing all parties and communications which were so considered in making the decision.

**Monica Lamboy's Response to Plaintiff's Interrogatory No. 18:**

Interrogatory No. 18 requests: "What was the disposition of Ms. Swain's infraction?"

The answer you provided " . . . The determination upon the appeal is a personnel matter" is evasive and non-responsive because it does not provide the information requested nor assert any cognizable objection or discovery privilege and the reasons for the assertion, as required by Rule33(b)(1). Hence, for purposes of Rule 37(a)(3), Monica Lamboy has failed to respond to this Interrogatory.

## DEFICIENT PRODUCTION OF DOCUMENTS :

**I.    The District's Production of Documents Requested is Woefully Inadequate.**

**Plaintiff's Document Request No.1:**

Plaintiff's Document Request No.1 requested: " Produce all documents identified in referred to, relied on, or used in preparing responses to any of the foregoing Interrogatories."

Comparing the Districts answer to Interrogatories to documents produced, it is apparent that all such documents were not produced.

**Plaintiff's Document Request No. 2:**

Plaintiff's Document Request No.2 requested: "Produce all documents pertaining to or referencing a communication concerning the facts giving rise to this litigation."

The District has failed to produce all such documents. Such documents would include, but are not limited to, meeting notes and/or summaries, letters and email sent or received and stored individual on the shared drive and/or the individual hard drives of Gregg Pane, Herb Tillery, Monica Lamboy, Cheryl Edwards, Sherry Adams, Deirdre Jordan, Tom Calhoun, Ava Davenport and Briant Coleman regarding, *inter alia* : the 2004 DOH reorganization; Ms. Lowe's job performance; issues any DOH employee had with Ms. Lowe and communicated to management, Ms. Lowe's objections to DOH funding practices or proposals; Ms. Lowe's communication with CDC and/or HRSA;, and any emails or summaries of conversations had with Bob Malson, Sharon Baskerville, Jeff Elting or Olivia Wong Kubasik.

Below are just some examples of glaring omissions:

a. Mr. Tillery stated in a meeting with Ms. Lowe, Dr. Calhoun and Ms. Adams in the early summer of 2004 that he had received a lot of emails from Dr. Calhoun and Dr. Lucey regarding Ms. Lowe's contacting outside organizations. This culminated in the May 2004 meeting where Mr. Tillery wanted to discuss what Ms. Lowe's "new role" would be at EHMSA. None of these emails were produced.

b. There are no emails from Malson, Davenport, Coleman or many other persons mentioned in the interrogatories and there should be quite a few, such as emails between Adams and Tillery regarding Ms. Lowe's position.

c. There are very few emails, correspondence or summaries regarding Ms. Lowe's position from Monica Lamboy to senior management. Also, you have failed to produce the email Robert Bobb (then City Administrator) sent out to appoint Dr. Calhoun and Dr. Lucey to

their respective interim positions.

Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request. All such documents are discoverable and should be promptly produced. *See e.g. Maldonado v. Super Ct. of La. County,* Super. Ct. No. BC218248 (CA 2nd Ct. App., 2002)(in employment case, the court compelled production of, *inter alia*, personnel files, job descriptions, all documents pertaining to petitioners' employment or termination which were not in the personnel files, and correspondence between Agencies and/or between Agency personnel pertaining to relevant issues in dispute). Plaintiff will seek and obtain a spoliation instruction - creating an adverse inference that the documents not produced would have been unfavorable to Defendants. *See Battocchi v. Washington Hosp. Ctr.*, 581 A.2d 759 (DC, 1990).

**Plaintiff's Document Request No. 3**

Plaintiff's Document Request No.3 requested: "Produce all documents pertaining to or referencing a communication referencing Ms. Lowe's communications with federal government agencies providing funds or grants to the DC Department of Health."

The District has failed to produce all responsive documents. Defendants' answers to interrogatories reveal there were several meetings and numerous communications referencing Ms. Lowe's communications with federal government agencies providing funds or grants to DOH. For example, there was a July 2004 meeting which culminated in a conference call to HRSA regarding funding of Dr. Elting's position; there was an email from HRSA Chief Cdr. Melissa Saunders' that was sent to and/or received by Cheryl Edwards, Monica Lamboy, Herbert Tillery, Sherry Adams, Thyra Lowe and Thomas Calhoun, regarding "Funding for Assoc Med Dir Position;" there was email and communications with James Morris from HRSA regarding grant funds; and there were similar meetings, communications and emails regarding Ms. Lowe's communications with the CDC and CDC grant funds. Yet all such documents pertaining to these event were not produced. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.

**Plaintiff's Document Request No. 4:**

Plaintiff's Document Request No.4 requested: "Produce a complete and accurate copy of any personnel files for Ms. Lowe, whether "official" or unofficial, whether kept in any of Ms. Lowe's manager's or supervisor's offices, at the Department of Health, or the central DC Personnel Office, including memoranda, proposed actions, supervisory notes or records, including draft versions of documents and documents not issued to Ms. Lowe."

The District responded: "Defendant has not located documents relevant to this request. However, in accordance with the rules of discovery, this answer may be supplemented." Eight weeks have passed since the District responded to Plaintiff's requests and the District has not yet produced these records. Such records are clearly discoverable and should be promptly produced. *See Maldonado, supra.*

DOH is subject to numerous statutory document retention policies. Among other things, these policies require DOH to maintain a complete and accurate copy of personnel files for Ms. Lowe and for every other employee. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.

Furthermore, defendants knew or should have known at the time they terminated Ms. Lowe that there was a strong likelihood that her termination would result in litigation and that her personnel files, including memoranda, proposed actions, supervisory notes or records, etc., would be relevant and discoverable in this litigation. Accordingly, should the District fail to promptly produce a complete and accurate copy of Ms. Lowe's personnel files.

**Plaintiff's Document Request No. 5:**
Plaintiff's Document Request No.5 requested: "Produce all documents received from the federal government pertaining or related to the subject matter of this litigation, before or after Ms. Lowe's removal."

As explained above, all such documents have not been produced. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.

**Plaintiff's Document Request No. 6**:
Plaintiff's Document Request No.1 requested: "Please provide all inbox and sent emails; all emails and subdirectory emails including sent, inbox and saved that were stored on the "shared" drive of Ms. Lowe's MS Outlook email box. Please provide them in electronic format.

All such documents were not produced. Exhibit 4 contains only some such emails, many of which are duplicative, which the District has unilaterally determined to be "relevant." The District must produce *all* of Ms. Lowe's MS Outlook inbox, sent and saved emails and subdirectory emails stored on her former EHMSA computer hard drive and/or the DOPH or EHMSA "shared" drive, in their original electronic format. Hence, for purposes of Rule 37(a)(3), DC has failed to respond to this Request.

**II.    Dr. Gregg A Pane Has Not Produced a Single Document Requested**.
For each document request submitted to Dr. Calhoun, he answered: "None. I do not have personal possession, custody, or control of documents within the scope of this request. To the extent that such documents do exist, see the District of Columbia's Responses to Plaintiff's Request for Production, Exhibit 4."
This response is not compliant with the rules of discovery. Dr. Pane is named both in his official and personal capacities. In his official capacity as Director of DOH, he has control of and access to all responsive documents in the possession of DOH, EHMSA and any DOH and/or EHMSA personnel. Furthermore, said "Exhibit 4" only "Ms. Thyra Lowe's relevant email." (See District of Columbia's Responses . . ., at page 2.) As such, Exhibit 4 cannot reasonably be construed to contain all documents responsive to all document requests submitted to Dr. Pane.
Since Dr. Pane is sued in his official capacity as an agent of the District, Dr. Pane and the District both have access to all documents responsive to these requests; and Dr. Pane and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Dr. Pane and the District have failed to respond to these Requests.

**III.    Thomas Calhoun's Production of Documents Requested is Woefully Inadequate**.
For each document request submitted to Dr. Calhoun, he answered: "No such documents are in my care, contact, and/or custody. To the extent that such documents do exist, see the District of Columbia's Responses to Plaintiff's Request for Production, Exhibit 4."
This response is not compliant with the rules of discovery. Mr. Calhoun is named both in his official and personal capacities. In his official capacity as Interim Administrator of DOH, EHMSA, he has control of and access to all responsive documents in the possession of DOH, EHMSA and EHMSA personnel.  Even if he no longer has personal access to such documents, becuase he is named in his official capacity, as an  agent of DOH/EHMSA, DOH?EHMSA has a duty to find and provide such documents to him for purposes of discovery in this action.
Furthermore, said "Exhibit 4" contains only "Ms. Thyra Lowe's relevant email." (See District of Columbia's Responses . . ., at page 2.) As such, Exhibit 4 cannot reasonably be construed to contain all documents responsive to all document requests submitted to Mr. Calhoun.

Since he is sued in his official capacity as an agent of the District, Mr. Calhoun and/or the District has access to all documents responsive to these requests; and Mr. Calhoun and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Mr. Calhoun and the District have failed to respond to these Requests.

### IV.     Monica Lamboy Has Not Produced a Single Document Requested.

For each document request submitted to Monica Lamboy, she answered: "None. I do not have possession, custody, or control of hard-copy documents within the scope of this request as I am no longer employed by the Department of Health. I may have possession, custody, or control of some electronic documents within the scope of this request and am attempting to identify such documents."

This response is not compliant with the rules of discovery. Monica Lamboy is named both in her former official capacity as Chief Operating Officer of DOH as well as in her personal capacity. Also, curiously DOH and Ms. Lamboy are both represented by the same attorney, Assistant Attorney General David A. Jackson. In her official capacity she had control of and access to all responsive documents in the possession of DOH, EHMSA and EHMSA personnel. Even if she no longer has personal access to such documents, because she is named in her official capacity, as an agent of DOH, DOH has a duty to find and provide such documents to her for purposes of discovery in this action.

Furthermore, these responses are also unacceptable because Ms. Lamboy had not identified those "electronic documents within the scope of" these requests that are in her "possession, custody, or control" and she has not committed to any reasonable time frame for producing said documents.

Since she is sued in his official capacity as an agent of the District, Monica Lamboy and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Monica Lamboy and the District have failed to respond to these Requests.

### V.     Cheryl Edwards Has Not Produced a Single Document Requested.

For each document request submitted to Cheryl Edwards, she answered: "None. I do not have possession, custody, or control of documents within the scope of this request as I am no longer employed by the Department of Health. To the extent that such documents do exist, see the District of Columbia's Responses to Plaintiff's Request for Production, Exhibit 4."

This response is not compliant with the rules of discovery. Cheryl Edwards is named both in her former official capacity as Interim Chief of Staff of EHMSA, as well as in her personal capacity. Also, curiously DOH and Cheryl Edwards are both represented by the same attorney, Assistant Attorney General David A. Jackson. In her official capacity she had control of and access to all responsive documents in the possession of EHMSA and EHMSA personnel. Even if she no longer has personal access to such documents, because she is named in her official capacity, as an agent of DOH, DOH has a duty to find and provide such documents to her for purposes of discovery in this action.

Since she is sued in his official capacity as an agent of the District, Cheryl Edwards and the District *share* a duty to provide all documents responsive to these requests. Hence, for purposes of Rule 37(a)(3), Cheryl Edwards and the District have failed to respond to these Requests.

## CONCLUSION

Plaintiff has clearly requested all the above described information. The District has failed to sufficiently respond to Requests submitted to the District; and the Assistant Attorney General,

David A. Jackson, who represents the District and all individual defendants, chose to ignore the fact that individual defendants were sued in their official as well as their personal capacities and that regarding all requests related to their official duties, the District *shares* a duty to provide the Documents in the District's possession that are responsive to Plaintiff's requests. He has used this ruse to play a version of the game three-card-monte and thus avoid producing documents that are discoverable and responsive to Requests submitted to each and all Defendants.

By signing each and all Defendants' Disclosures and Responses to Discovery Requests, David A. Jackson and individual defendants each certified to the court: "that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry," that Interrogatory disclosures were "complete and correct," *see* Fed. R. Civ. P., Rule 26(g), and that Responses were "consistent with these rules" of discovery (e.g. the producing party has fully and completely responded to interrogatories and requests, unless objected to in whole or in part, and if in part, what is not subject to objection has been answered or produced). *See* Fed. R. Civ. P., Rules 33(b) and 34(b).

Rule 26(g) "allows the court to impose sanctions on the signer of a discovery response when the signed response s are "incomplete, evasive or objectively unreasonable under the circumstances." *St. Paul Reinsurance Company v. Commercial Financial Corp.*, No. C00-4080 (N.D. Iowa 12/19/2000) (N.D. Iowa, 2000) (citing *Poole v. Textron, Inc*. 192 F.R.D. 494, 498 (D.Md. 2000); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997) (stating that the signature certifies that the filing conforms to the discovery rules, is made for proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545 (11th Cir. 1993), *aff'g Malautea v. Suzuki Motor Corp.*, 148 F.R.D. 362, 374 (S.D.Ga. 1991) (upholding Rule 26(g) sanctions for a "pattern of conduct" manifesting improper purpose that consisted of meritless objections to requests as irrelevant or overly burdensome, and partial answers to discovery questions that were evasive and misleading). "It is the responses themselves that are the proper object of Rule 26(g) sanctions. *Id.* (*citing, e.g., Legault v. Zambarano*, 105 F.3d 24, 28 (1st Cir. 1997)(imposing monetary sanction on client and counsel under Rule 26(g) for failure to produce documents responsive to legitimate discovery requests); *Gonsalves v. City of New Bedford*, 168 F.R.D. 102, 114-115 (D.Mass. 1996)(imposing $15,000 sanction on counsel for causing client to respond falsely to interrogatories).

Defendants' answers and production were ""incomplete, evasive or objectively unreasonable under the circumstances." *Id.* Thus, Rule 26(g) sanctions may be appropriate.

Should we be forced to file Rule 37(a), Motions to Compel, we can also persuade the court that each and every one of our requests are directly relevant to the issues in dispute, are reasonably calculated to lead to the discovery of admissible evidence, are not unduly burdensome and are not subject to any evidentiary privilege. We can also prove the existence of many DOH documents that should have been produced but were not produced. Furthermore, David A. Jackson, the District *and* individual defendant's may be held jointly and severally liable for our costs and attorney's fees incurred in compelling Disclosures and Responses in Discovery, unless they can show their "nondisclosure, response, or objection was substantially justified." Rule 37(a)(4)(A) (Lexis, 2006)*; see also* Fed. R. Civ. P., Rule 26(g)(3), Rule 33(b)(5), Rule 34(b) and Rule 37(a)(4)(A); *see and compare Alexander v. F.B.I.*, 186 F.R.D. 144, 147 (D.D.C. 1997) *and Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981)(both applying "substantial justification" standard to Rule 34(a)(4)(B)).  In the aggregate, Defendants' current "nondisclosure[s], response[s], or objection [are not] substantially justified."

However, Rule 37(a)(4)(A) requires "movant's first making a good faith effort to obtain the disclosure or discovery without court action," *Id.*, and for any discovery issues that cannot be resolved among the parties, perhaps the parties should schedule a phone conference with Judge Kennedy to informally resolve some issues before the filing of a motion to compel.