**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THYRA LOWE, | |
| Plaintiff, | |
| v. | Civil Action No. 05-2205 (CKK) (JMF) |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION TO COMPEL AND FOR SANCTIONS**

Defendants, by and through the Office of the Attorney General, hereby file their opposition to Plaintiff's motion to compel and for sanctions.  Plaintiff admits in her motion that "Defendant's Counsel has acted in cooperative and civil manner"  yet Plaintiff  moves to compel and for sanctions.  Motion to Compel ¶ 3.   Plaintiff's motion should be denied for the reasons set forth herein.

**Individual Defendants**

**I. Production of Documents**

Plaintiff states that she first served her discovery request on the Defendants in January 2007 and received responses in June 2007.   Undersigned counsel entered his appearance in this case on March 13, 2007.   On that same date, the court extended all discovery until June 22, 2007.  On  June 21, 2007, discovery was again extended until September 29, 2007.   On September 21, 2007, discovery was extended for the third time until November 30, 2007.

Plaintiff complains that the individual Defendants Dr. Gregg Pane, Monica Lamboy, Dr.

Thomas Calhoun and Cheryl Edwards have not produced any documents in response to Plaintiff's document request.   According to Plaintiff, since these Defendants are sued in their official capacity they had "control of and access to all responsive documents."  Memorandum at 28-31.  Plaintiff's assertion is incorrect.  At the time the Defendants provided their response to Plaintiff's document requests Defendants Ms. Lamboy, Dr. Calhoun and Ms. Edwards were no longer employed  with the DC Department of Health, Emergency Health and Medical Services Administration (EHMSA).   Dr. Calhoun's employment with the EMHSA ended on October 14, 2004, Ms. Lamboy's employment with EMHSA ended during the summer of 2006 and Ms. Edwards left EMHSA in September 2006.

In response to Plaintiff's document requests Dr. Calhoun, Ms. Lamboy and Ms. Edwards responded as follows:

> **1.    Produce all documents identified in, referred to, relied on, or used in preparing responses to any of the foregoing Interrogatories**.
>
> **Response:  None.  I do not have possession, custody, or control of documents within the scope of this request as I am no longer employed by the Department of Health.  To the extent that such documents do exist, see the District of Columbia's responses to Plaintiff's Request for Production of Documents, Exhibit 4.**

These Defendants' employment with EMHSA ended prior to the date, January 2007, when Plaintiff served her document requests.   While Plaintiff may believe that the Defendants' responses are incomplete, their responses are true and accurate.  These individual Defendants, as former employees, did not have access EMHSA's or DOH's email or computer system at the time they responded to Plaintiff's document request.  In preparing this opposition, undersigned counsel has either met with or spoken to each of these defendants and they have assured undersigned counsel that they do not have any documents in their care, control, custody or possession relating to this matter.  In a good faith effort not be evasive, the Defendants did refer

Plaintiff to Exhibit 4 of the District's document production. Exhibit 4 contained two hundred, eighty-one (281) pages of emails.

Plaintiff's motion to compel and for sanctions as to the individual defendants should be denied because the Defendants have provided accurate and true responses to Plaintiff's document request. Moreover, in a good faith effort not be evasive, the Defendants referred Plaintiff to the two hundred, eighty one (281) pages of emails produced by the District.

**2.     Interrogatories**.

Plaintiff's motion concerns only the answers to interrogatories provided by Defendants Payne and Lamboy. Plaintiff does not complaint about Defendants Calhoun's and Edwards' interrogatory answers. Plaintiff's motion should be denied because Defendants Payne and Lamboy answers are responsive and non-evasive.

**a.     Defendant Dr. Pane's Interrogatories.**

Plaintiff seeks to compel Dr. Pane to provide further answers to Interrogatories Nos.1 and 6. Pl's Memo. at 15-16.

**Interrogatory No. 1**

> **Please state, in detail, your role as Director of the Department of Health in the "reorganization" of EHMSA in 2004 that resulted in the abolishment of Ms. Lowe's position**.

**Defendant's Response**

> **When I arrived at the Department of Health as then-Acting Director in September 2004, the realignment was mostly completed**.

Interrogatory No. 1 asked Dr. Pane what his role was in reorganizing EHMSA. According to Dr. Pane, based on undersigned counsel's recent conversation with him, when he assumed the job as Acting-Director of DOH the reorganization had already been complete and his only role was to sign the final reorganization plan because that had not been done by the time

the prior Director left DOH.   Dr. Pane told undersigned counsel that there is no additional

information he could supply for this Interrogatory.

Further, as Plaintiff has asserted, Dr. Pane is sued in his official capacity.  It is well

settled that a suit against an individual in his official capacity is a suit against the employer.  *Will

v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 468 U.S. 464

(1985)).   To that extent, when the District was asked the same question, the District responded

by stating:

> **Dr. Pane participated in discussions planning for the reorganization, made the final decision to reorganize and to abolish Ms. Lowe's position, and met with Ms. Lowe to terminate her employment.**

This answer by the District gives more detail about Dr. Pane's role in reorganizing

EMHSA and the termination of Plaintiff.  While the District's answer may be more detailed than

Dr. Pane's, that does not mean that Dr. Pane is being evasive in his answer to this interrogatory.

Plaintiff will have the opportunity to examine Dr. Pane's recollection of his role if and when

Plaintiff takes his deposition.   The District's collective knowledge of these events may be more

detailed than the individual Defendants given that the District government composes many

employees.

**Interrogatory No. 6**.

> **Please state whether you were aware that Ms. Lowe had contacted the Federal Center for Disease Control and Prevention (CDC) and Health Resources Services Administration (HSRA) regarding proposed personnel moves and/or funding allocations under the federal grants from these agencies administered by EHMSA. If you were aware of this, please state what you knew, and how and when you came by the information.**

**Defendant's Response:**

> **I believe that I and others were informed that Thyra Lowe contacted the Federal Centers for Disease Control and Prevention and the federal Health Resources and Services Administration on the day that the position was abolished.**

Plaintiff claims that Dr. Pane did not answer the question ""how ... you came by this information," *i.e.* who informed Dr. Pane and who were the "others" also informed at that time; nor does the answer state all of "what you knew," *i.e.* all of what the person who informed him said to Dr. Pane about the matter."    Pl's Memo. at 16.

Dr. Pane has answered interrogatory 6 as presented.    The first part of Interrogatory No. 6 asked Dr. Pane if he knew about Plaintiff's contacted with the CDC and HSRA regarding proposed personnel moves and/or funding allocations.  Dr. Pane clearly responded that he did. Dr. Pane also stated that he learned of Plaintiff's contact with the CDC and HSRA "on the day that the position was abolished**."**  Thus, Dr. Pane told Plaintiff "when" he became aware of Plaintiff's contact with the CDC and HSRA.   Dr. Pane also answered the question about what he knew.  Dr. Pane stated that he knew that Plaintiff had contacted the CDC and HSRA but had no clear recollection of how he knew. While Plaintiff may now claim that Dr. Pane did not give more detail in his answer, Plaintiff's interrogatory on this issue is ambiguous and unclear. Plaintiff also claims that Dr. Pane failed to explain what "others" knew."  However, Plaintiff's interrogatory 6 does not ask Dr. Pane to talk about what "others" knew.

Dr. Pane provided the best answer he could given the fact that these event happened more than three years ago.  It is clear from Dr. Pane's first words-"I believe"- that he does not have a clear recollection of these events.  It is important to know that Dr. Pane was hired in September 2004 and less than two months later Plaintiff's position was officially abolished as part of an agency wide reorganization.  Thus, the abolishment of Plaintiff's position was only a small part of what was going on within DOH at the time.

For the reasons stated, Plaintiff's motion to compel Dr. Pane to provide further answers to Interrogatory 1 and 6 should be denied.

**b.     Defendant Monica Lamboy**

Plaintiff seeks to compel Ms. Monica Lamboy to provide further answers to

Interrogatories Nos. 2-4, 6, 15, 16 and 18.

**Interrogatory 2**

> **Please identify any management or staff who spoke to you about Ms. Lowe
> regarding her performance, conduct or tenure at the DOH, explaining what the
> individuals told you about Ms. Lowe."**

**Defendant's Response:**

> **I was aware of an array of opinions regarding Ms. Lowe's performance ranging
> from recognition of her hard work and commitment to the program, to concerns
> about how she handled herself professionally.  I generally recollect conversations
> with Dr. Thomas Calhoun, Sherry Adams, and Ava Greene Davenport.**

Plaintiff claims that Ms. Lamboy's response is evasive and non-responsive because, in

part, she failed to identify "each individual who spoke with Ms. Lamboy."  Pl's Memo at 16-

17.   Here, Plaintiff's claim is completely without merit.  Clearly Ms. Lamboy identified

Dr. Calhoun, Sherry Adams and Ava Greene Davenport as the persons who provided her

with information about Plaintiff's job performance.  While, Ms. Lamboy was unable to

recall exactly what each individual told her, Ms. Lamboy did identify the range of

comments she heard.  Ms. Lamboy identify the comments as ranging from "recognition of

[Plaintiff's] hard work and commitment to the program, to concerns about how [Plaintiff]

handled herself professionally."

Lastly, while Ms. Lamboy did not provide each individual's last known business and

home address, and last business and home telephone number, the District will provide such

information upon the Court issuing a protective order for the disclosure of personnel information,

pursuant to D.C. Code § 1-631.01, which prohibits the release of such information.

**Interrogatory No. 3:**

> **Please explain your rationale for abolishing the position held by Ms. Lowe in**

6

October, 2004.

**Defendant's Response:**

> **As stated above, during the summer of 2004, we reorganized several administrations. At that time, Interim Director Tillery, Ms. Edwards and myself decided to make no change in EHMSA in order spend [sic] more time understanding its operating needs and the grant funding constraints. At the time, EHMSA was overseen by Dr. Thomas Calhoun, Medical Officer and Acting Senior Deputy Director, and Thyra Lowe, Administrator. While Dr. Calhoun was the administration director, Ms. Lowe provided direct supervision to all of the staff.  In July 2004, Ms. Sherry Adams returned to EHMSA as Assistant Senior Deputy Director. In effect, this created a three-tiered management structure for a work unit that had 32 employees. We came to realize over the following months that was not a workable structure for such a small organization and that it would be better served with a structure similar to the other administrations with modifications. In discussion with Dr. Pane and Cheryl Edwards, we determined it would be best to a create a Chief of Staff position, where the COS reported to the director but did not have direct oversight of employees and to maintain the Administrative Officer position instead of upgrading to an ASM because the budget was very small relative to the other administrations. In recognition of the 24 hour nature of EHMSA's business, it was determined that the Assistant Senior Deputy position would remain although this would be the only administration with this position. The Medical Director position was to be eliminated in recognition that a full time position was not required for this administration. As a result, the position was eliminated, but funding was set aside for a part time, contract position.  The result or [sic] the reorganization would be a significantly flatter organization that would have greater parallels with other administrations.**

According to Plaintiff, Ms. Lamboy's answer to Interrogatory 3 fails to "explain Ms. Lamboy's rational for the decision to abolish Ms. Lowe's Deputy Administrator position."  Pl's Memo at 17-18.  Ms. Lamboy disagrees.  Ms. Lamboy's answer to Interrogatory 3 is clear and detailed.  Her answer tells Plaintiff that Plaintiff's position was abolished because the "three-tier management structure" was not workable and the agency wanted to create a Chief-of Staff position.   The response also described that another position, Medical Director, was also abolished.

**Interrogatory 4**

> **Please identify any management or staff who spoke to you about Ms. Lowe regarding her performance, conduct or tenure at the DOH, explaining what the**

7

individuals told you about Ms. Lowe.

**Defendant's Response**

**I was aware of Ms. Lowe's concerns regarding the delays in filling vacant positions within the EHMSA and the impact that would have upon the future of the grant. I also was generally aware of her opinion that in the past, positions had been budgeted to the grant, which should not have been. Given that throughout the summer and fall of 2004, I was reviewing the entire DOH budget position by position to determine if the funding allocation was correct, her concerns were not unique. As a result of my analysis, I eliminated over 200 unfunded positions across DOH that fall.  I was also aware of Ms. Lowe's concerns that the staff-level salaries at EHMSA were low relative to the responsibilities. This, too, was not unique to EHMSA and was an issue in several other administrations.  By the time I left DOH in July 2006, I had been able to upgrade over 30 positions at DOH, several within the EHMSA.**

While Ms. Lamboy's answer to Interrogatory 4 did not identify the managers and staff that spoke to her about Plaintiff, Ms. Lamboy's answer to Interrogatory 3 clearly identifies Dr. Calhoun, Sherry Adams and Ava Greene Davenport as the persons who provided her with information about Plaintiff.

**Interrogatory No. 6**

**Please state whether you were you aware that Ms. Lowe had contacted the federal Center for Disease Control and Prevention (CDC) and Health Resources Services Administration (HSRA) regarding proposed personnel moves and/or funding allocations under the federal grants from these agencies administered by EHMSA. If so, please state what you knew and how and when you came by the information.**

**Defendant's Response:**

**I am uncertain what this question is specifically asking. I was aware that Ms. Lowe had regular and routine communication with both of these agencies. I had participated on one to two conference calls regarding grant management and both agencies inquired regarding the pace of filling vacancies.**

Plaintiff asserts that Ms. Lamboy's answer to Interrogatory No. 6 is evasive and non-responsive.  However, in answering Interrogatory No. 6 Ms. Lamboy clearly told Plaintiff that she, Ms. Lamboy, did not understand the question.  Notwithstanding, Ms.

Lamboy's uncertainly about the question, she did stated that she had participated on "one or two conference calls regarding grant management and … the pace of filling vacancies." Here, since Plaintiff's question was not clear to Ms. Lamboy, Ms. Lamboy provided the best answer she could.  If Plaintiff wishes to follow up on this issue with more specific questions, she is free to do so at the deposition of Ms. Lamboy.

**Interrogatory 15**

> **When Andrew Brave, Rod Blair and Dr. Jeff Elting were offered positions at EHMSA, and who made the offers?**

**Defendant's Response:**

> **I don't personally recall the specific answers. The information should be available through the Department of Health's Human Resources Division.**

Plaintiff claims that Ms. Lamboy Interrogatory No. 15 is evasive and non-responsive.  Pl's memo at 20-21.   Ms. Lamboy's answer to Interrogatory 15 is not evasive.  Again, Ms. Lamboy clearly tells Plaintiff that she, Ms. Lamboy, does not "personally recall the specific answers." Ms. Lamboy tells Plaintiff were Plaintiff can find the answer to Interrogatory 15. Even if Ms. Lamboy's answer is inconsistent with the District's answer, as Plaintiff claims, that does not mean that Ms. Lamboy is being evasive in her answer, particularly where as here, Ms. Lamboy states that she does not recall the specific answer.  Also, simply because two defendants may have a different recollection of events that does not mean that either Defendant is being evasive or untruthful.

**Interrogatory No. 16.**

> **What part did Ava Greene Davenport, Cheryl Edwards, Briant Coleman, Dr. Calhoun, Sherry Adams, Deirdre Jordan, Robb Bobb, Sharon Baskerville, Robert Malson, and Jeff Elting play in the decision to abolish Ms. Lowe's position?**

**Defendant's Response:**

> **The decision to abolish Ms. Lowe's position was made by Dr. Gregory A. Pane, Cheryl Edwards, and myself. The others played no part.**

Plaintiff claims that Ms. Lamboy's response to Interrogatory 16 is "evasive and non-responsive because it is erroneously and disingenuously construes a 'part' in the decision to include only the making of the final decision." Pl's Memo at 21. Ms. Lamboy's interpretation of the word "part" is not disingenuous. Within the question Plaintiff does not define what she means by "part." The meaning of the word "part" was left to the interpretation of Ms. Lamboy, who identified those who had a "part" and those who did not have a "part" in the decision to abolish Plaintiff's position.

**Interrogatory No. 18**

**What was the disposition of Ms. Swain's infraction?**

**Defendant's Response:**

**Ms. Swain submitted an appeal to the notice of suspension indicating that she was directed to engage in the unlawful activities at the direction of Ms. Lowe, her supervisor. The determination upon that appeal is a personnel matter.**

Plaintiff claims that Ms. Lamboy's answer to Interrogatory 18 is evasive and non-responsive "because it does not provide the information requested." Ms. Lamboy's answer is not evasive and accurately states that the information regarding Ms. Swain's personnel matter, which is protected from disclosure under DC personnel laws. D.C. Code § 1-631.01**.** Counsel for Plaintiff, Doug Hartnett, has several cases involving the District and he knows, or should know, that personnel information cannot be disclosed absent a protective order. This is particularly true where, as here, Ms. Swain is not a party to this action. In cases, where Plaintiff has sought personnel information the District has routinely consented to protective orders. Counsel for Plaintiff has not asked about a protective order but rather seeks disclosure of personnel information in violation of DC law. If Plaintiff seeks a protective order, the District will not raise an objection. Until such a protective order is in place, the District's hands are tied.

## Defendant District of Columbia

Plaintiff seeks to compel the District to provide further answers to Interrogatories Nos. 3, 5-16 and 21.

**I.     Interrogatories**.

**Interrogatory No. 3**

> **For each individual named in response to Interrogatory #2, please describe in detail what role they played in the decision, what information they provided or what other contribution they made to the decision to abolish Ms. Lowe's position.**

**Defendant's Response**

> **Mr. Tillery was the Interim Director of DOH. Ms. Lamboy was the Chief Operating Officer and Ms. Edwards was the Chief of Staff for DOH.**

Plaintiff claims that the District's answer failed to "describe in detail what role they played in the decision, what information they provided or what other contribution they made to the decision" for any of the eight persons "named in response to Interrogatory #2." Pl's Memo at 4-5. While the District's answer to Interrogatory 3 does not state what role certain DOH officials played in abolishing Plaintiff's position, Ms. Lamboy's answer to Interrogatory 16 informs Plaintiff that the only persons who had a role in abolishing Plaintiff's position were Ms. Lamboy, Dr. Pane and Ms. Edwards.

**Interrogatory No. 5**

> **Please identify each employee who was reassigned, dismissed or otherwise left employment from EHMSA and/or DOH during the reorganization that led to the abolishment of Ms. Lowe's position, and describe what action was taken and when the employee was notified that action was pending or being taken.**

**Defendant's Response**

> **Dr. Calhoun was reassigned. On the Monday following Ms. Lowe's dismissal, Ms. Lamboy informed me (sic) that the IT staff would be centralized under the new CIO and would likely move from the EHMSA offices and also informed me**

**(sic) of another disciplinary procedure being processed involving Ms. Gail
Swayne, the Plans and Training Coordinator.**

Plaintiff claims that the District failed fully answer this interrogatory because the District

does not identify each member of the "IT staff" nor does it identify any individual person

comprising the "over 200 unfunded positions [Monica Lamboy claims she "eliminated"] across

DOH that fall."   Plaintiff's claim is without merit.  First, the District's answer does not say that

members of the IT staff where terminated.  The District simply told Plaintiff that the IT staff was

"centralized under the new CIO" and would be moved from the EMHSA offices.  Second,

Plaintiff misunderstands what is meant by "200 unfunded positions."  These unfunded positions

were unfilled positions listed on the books of DOH.  There were no persons actually assigned or

hired for the positions.

Plaintiff also claims that the District failed to describe disciplinary action against Ms.

Swayne and how it was resolved."  Pl's Memo at 5-6.   Ms. Swayne is not a party to this

litigation and, under DC law the release of personnel information is prohibited without a court

order.  Plaintiff has not asked the District to consent to a protective order.  The District has

routinely agreed to a protective order when asked to do so by opposing counsel.  Here, counsel

for Plaintiff has made no such request.

**Interrogatory No. 6:**

> **Please describe in detail all the duties defendant had, whether included in her formal
> job description or assigned to her on an ad hoc or temporary basis, and which of
> those duties were assigned to which other staff (identifying them by name, title,
> salary and status, i.e. full-time or part-time, permanent, temporary, contractor, etc.)
> following Ms. Lowe's departure from EMHSA.**

**Defendant's Response:**

> **Ms. Lowe was responsible for overseeing both the HRSA and CDC bioterrorism**

**grants. In that role, she was responsible for the development of the applications for funding, oversaw the funded projects, tracked the budget, spending, documentation of activities, and for coordination and reporting to the two federal agencies on a weekly and sometimes daily basis.**

**Sherry Adams assumed general oversight of personnel at the request of Dr. Pane and Ms. Edwards. All other duties were the responsibility of the incoming Interim Senior deputy Director, Mr. Roderick Blair, and the incoming Interim Chief of Staff, Mr. Andrew Brave, and Interim Medical Director, Jeff Elting, M.D. At the time, we were told that these individuals were on a 90-day contract.**

Plaintiff claims that the District did not "describe in detail *all* the duties defendant (sic) had … and which of those duties were assigned to which other staff"."   The District disagrees. The District's answer to this interrogatory states that Plaintiff was responsible for overseeing both the HRSA and CDC bioterrorism grants, development of the applications for funding, oversaw the funded projects, tracked the budget, spending, documentation of activities, and for coordination and reporting to the two federal agencies on a weekly and sometimes daily basis. Furthermore, it is clear that from Plaintiff's reference to Plaintiff's "published job description for a Deputy Administrator" that Plaintiff knows what duties and responsibilities were for her position. Federal Rule of Civil Procedure 33(d), "[w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served …, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records …"   Since the Plaintiff is in possession of her job description the District's response complies with the requirements of Rule 33.   Lastly, the District's answer informed Plaintiff of who assumed her duties.

**Interrogatory No. 7:**

**For each employee who was given one or more of the duties Ms. Lowe performed, please describe in detail the qualifications and experience that employee had which**

**led the deciding management officials to believe they were qualified to perform those duties.**

**Defendant's Response:**

> **At the time Sherry Adams was the Assistant Senior Deputy Director. She had returned to EHMSA in June or July of that year after a 13 month absence. Prior to her absence, Ms. Adams had been Ms. Lowe's direct supervisor and had previously overseen the grants. Mr. Brave was a former DC Fire Paramedic and officer with at least an undergraduate degree and Dr. Elting was an M.D.**

Plaintiff claims that the District's answer to Interrogatory 7 is insufficient because it fails to "describe in detail the qualifications and experience that employee had which led the deciding management officials to believe they were qualified to perform [each of Ms. Lowe's individual former] duties." Pl's Memo at 7-8.   The District's answer sufficiently answers interrogatory 7. In answering Interrogatory No. 7 the District informed Plaintiff of the education, qualifications and work experience of Ms. Adams, Mr. Brave and Dr. Elting.   If Plaintiff was looking for more information, she should have been more specific.


**Interrogatory No. 8**

> **Please identify and describe each federal government contract or grant administered by the DOH Emergency Health and Medical Services Administration (EHMSA) between November 2002 and November 2004, including identifying the federal agency granting the contract or grant (e.g. the Department of Defense, the Urban Area Security Initiative Funds, the CDC, HRSA, etc.), the purpose and term of the contract or grant, the DOH officials responsible for overseeing or implementing the contract or grant, the DOH positions funded by the contract or grant, and any other descriptive information about the contracts or grants.**

**Defendant's Response:**

> **The District of Columbia will answer in a supplemental response. Ms. Lowe was in charge of all grants and had all grant records during her term of employment.**

As indicated in the answer to Interrogatory 8, the District will supplement it answer.

Discovery does not close until November 30, 2007.  The supplemental response will not prejudice the Plaintiff because none of the Defendants have been deposed.  According to the Assistant General Counsel for DOH, his office is in possession of a CD that contains information responsive.  However, because the CD contains information relating to grants concerning the setup of District plans for an emergency response to a bio-terrorist attack, the CD will only be produced under a protective order.  To the extent that such information is privileged, the parties should have protective order in place prior to the disclosure of such information.

**Interrogatory No. 9 and 10**

> **Please provide a complete list of EMHSA employees at the time Ms. Lowe's position was abolished (October, 2004), including their position title, rank (MSS or DS scale), salary, a description of the employee's duties, the source of funding for the position, and whether the position is permanent, temporary, contractor, or some other status" and "the same information requested in Interrogatory #9 for EHMSA employees in April, 2005."**

**Defendant's Response**

> **See the payroll reports that show employees for October 2004 and February 2005 and EHMSA's Schedule A documents for FY04 and FY05, known as Exhibit 6. Answer to Interrogatory 10: See exhibit 6.**

Plaintiff claims that the District's answer to Interrogatories 9 and 10 are insufficient because she "is not in possession of Exhibit 6."  Further, Plaintiff claims that "[e]ven if [she] had this exhibit, the description of the documents referred to shows the exhibit it would be entirely inadequate in relation to the information requested."   The District maintains that Exhibit 6 was produced for Plaintiff and the District has maintained a copy of this exhibit as required by the rules.  Apparently, Plaintiff must have misplaced Exhibit 6 but the District will again produce a copy of Exhibit 6.   Plaintiff's claim that Exhibit 6 is insufficient is amazing since Plaintiff claims that she does not have Exhibit 6.  Thus, Plaintiff would not know if Exhibit 6 does or does not sufficiently answer Interrogatories 9 and 10.

**Interrogatory No. 11:**

>    **Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's decision to award a contract to Mayor Sharon Pratt Kelley was discussed.**

**Defendant's Response:**

>    **Based on available information, the protests or objections occurred during the period of time that Michael Richardson, M.D. was the Senior Deputy Director for EHMSA. The contracts being discussed for former Mayor Kelley included major information technology projects.**

The District answered Interrogatory 11 based on the information available to it. It appears from Plaintiff's motion that Plaintiff had a conversation with Dr. Richardson, who is no longer employed by the District. At this time, the District can not provide any further answers to Interrogatory 11. If more information does become available the District will supplement its answer.

**Interrogatory No. 12**

>    **Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's attempts to pay the salary of Dr. Jeff Elting or any other DC Hospital Association personnel was discussed.**

**Defendant's Response**

>    **Based on available information, the conversations were between Thyra Lowe and Ronald Lewis who was Monica Lamboy's predecessor and served as the Interim Administrator after Michael Richardson, M.D. left DOH. It was generally known in EHMSA that Ms. Lowe objected to Jeff Elting, M.D. being paid off the grants due to the sum of money involved and HRSA's objections.**

The District answered Interrogatory 12 based on available information. It appears that Plaintiff had a conversation with Dr. Richardson, who is no longer employed by the District. At

this time, the District can not provide any further answers to Interrogatory 12.  If more

information does become available the District will supplement its answer.


**Interrogatory No. 13**

> **Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's protests or objections to EHMSA's attempts to reallocate DOH personnel under the federal grants EHMSA administered was discussed.**

**Defendant's Response**

> **Ms. Lowe had regular and routine communication with HRSA and CDC. Monica Lamboy participated on one or more conference calls regarding grant management and both agencies inquired regarding the pace of filling vacancies.**

Plaintiff claims that the District's answer to Interrogatory No. 13 is "wholly non-

responsive because it does not "identify the participants, location, dates, [nor] describe *in*

*detail* the subject matter and discussion of any" such "meetings or communication[s] among

DOH officials." Pl's Memo at 11.  This interrogatory is almost impossible to answer.

Plaintiff was responsible for monitoring federal contracts and in that capacity she would

have had numerous communications with HRSA and CDC.   The District has provided the

best information it can.  Just as Ms. Lamboy stated in her answer to a similar interrogatory,

Ms. Lamboy participated on one or two conference calls.  However, these conference

calls would have occurred several years ago and she does not have a specific recollection

of the substance of those communications.  Moreover, to the extent that Plaintiff

communicated with HRSA and the CDC through emails between Plaintiff and these

federal agencies, Plaintiff is in the best position to describe these encounters.

**Interrogatory No. 14**

> **Please identify the participants, location, dates, and describe in detail the subject**

**matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's participation in or support for Ms. Sherry Adams' complaint against the DOH was discussed.**

**Defendant's Response**

> **DOH officials and District Attorneys did discuss Thyra Lowe's participation in support of Sherry Adams' complaint against DOH. The discussions occurred prior to June or July 2004 when Ms. Adams settled her complaint and returned to EHMSA. Discussions analyzed Ms. Lowe's written statements in support of Ms. Adams. Participants included Herbert Tillery, Cheryl Edwards, Monica Lamboy, Kenneth Campbell, Phillip Husband, and Wendall Hall. Discussions occurred via phone or e-mail or at DOH's 825 North Capitol Street, N.E. offices.**

Plaintiff claims that the District answer to Interrogatory 14 is non-responsive because it fails to "identify the participants, location, dates, [nor] describe *in detail* the subject matter and discussion of *all* such "meetings or communication[s] among DOH officials." Pl's Memo. at 11-12. Further, Plaintiff claims that the District's answer fails to provide "specific dates."

The District has provided the best answer it could in response to Interrogatory 14. First the District's answer states that the conversation occurred between DOH official and the "District Attorney", Assistant Attorney General Wendall Hall. AAG Hall was the attorney of record in this case prior to undersigned counsel's involvement. Any communication between counsel and DOH is protected by the attorney-client privilege. Notwithstanding the attorney client privilege, the District's answer does inform Plaintiff of the location of the meeting and the method of communication. Lastly, the District's answer provided a relatively short time-frame for when the communications or meeting took place. The District believes that its answer to Interrogatory 13 meets the requirements of Fed. R. Civ. Pro. 33 (b).

**Interrogatory No. 15**

> **Please identify the participants, location, dates, and describe in detail the subject matter and discussion of any meetings or communication among DOH officials in which Ms. Lowe's contacting the federal Center for Disease Control and Prevention**

**and HRSA regarding DOH's possible or actual violation or laws, rules or regulations governing management of the federal grants administered by EHMSA was discussed.**

**Defendant's Response**

**On October 15, 2004, Gregg Pane, M.D. and Cheryl Edwards met with Thomas Calhoun, M.D. then Thyra Lowe and then Ms. Sherry Adams. Ms. Adams was told that Dr. Calhoun had been reassigned and Ms. Lowe dismissed. Within the hour, Dr. Pane, Ms. Edwards and Monica Lamboy met with the EHMSA staff including Dr. Calhoun and Ms. Adams to inform them of the changes. Before the close of business that day, Ms. Adams received an email from James Morris, the HRSA program officer, saying that HRSA was restricting our entire grant fund due to the personnel changes. Ms. Adams informed her supervisors.**

**Roderick Blair was introduced to EHMSA staff the following Monday, October 18, 2004. Around October 19th, Mr. Blair <u>claim</u> to Ms. Adams' office and informed her that Ms. Lowe had violated federal law by notifying the granting agencies of her removal. Ms. Adams informed him that she believed that the federal agencies require key personnel to notify them if they are released, promoted out of position, etc. Ms. Adams told Mr. Blair that Dr. Pane needed to immediately notify HRSA and CDC in writing of the changes. Mr. Blair informed Ms. Adams that it was being done.**

Plaintiff claims that the District's answer to interrogatory No 15 is non-responsive because it fails to "identify the participants, location, dates, [nor] describe in detail the subject matter and discussion of any and all such "meetings or communication[s] among DOH officials" and it fails to state how " Ms. Lowe's contacting the federal Center for Disease Control and Prevention and HRSA regarding DOH's possible or actual violation or laws, rules or regulations" was a subject of any one of those meetings."  Pl's Memo at 12-13.  The District disagrees with Plaintiff's assertions.

The District's answer informs Plaintiff of the events that occurred on October 15, 18 and 19, 2004.   If Plaintiff believes that there were other such meetings, she will have the opportunity to explore this matter further when and if she decides to take the individual Defendants' deposition. The District also informs Plaintiff of the nature of the communications between DOH

officials and the CDC.   At this time, the District has not additional information.

**Interrogatory No. 16**

> **Please describe the process, including dates, that the DOH went through with HRSA and CDC grant-funders to approve the reorganization and reclassification of positions related to the grants funded by these federal entities, including communication and correspondence with Jay Morris and/or Commander Melissa Sanders, from HRSA and/or Ms. Robyn Brown and/or her superiors at CDC, and state whether these federal agencies approved the reorganization.**

**Defendant's Response**

> **The District will answer in a supplemental response.**

To the extent possible the District will supplement its answer to this interrogatory within

fourteen (14) days.

**Interrogatory No. 21:**

> **Between November, 2002 and October 15, 2004, did any DOH officials discuss candidates, or formally or informally interview potential candidates for the Deputy Administrator or Chief of Staff of EHMSA position? If so, what DOH officials were involved, who did they consider for the position, and when did they discuss or interview those individuals?**

**Defendant's Response:**

> **There were no discussions or interviews related to replacing Thyra Lowe. Ms. Lowe's position was abolished. Based on available information, no discussions or interviews related to the Chief of Staff position to [sic] occurred in the time period stated in the interrogatories.**

The District has fully answered this interrogatory, despite Plaintiff's skepticism.

**II.    Request For Documents**

Plaintiff seeks to compel the District to serve further responses to Document Requests

Nos. 1-6.

**Document Request No.1**

> **Produce all documents identified in, referred to, relied on, or used in preparing**

responses to any of the foregoing Interrogatories.

**Defendant's Response**

"**See August 30, 2004 Contract Ratification, known as Exhibit 1, the September 14, 2004 Ratification Request package from the District of Columbia of Health for the Washington Hilton, known as Exhibit 2, the Personnel Exchange Agreement for Dr. Jeffrey Elting, known as Exhibit 3, Ms. Thyra Lowe's relevant email, known as Exhibit 4, the Program Announcement 99051, Public Health Preparedness and Response for Bioterrorism, known as Exhibit 5 and Exhibit 6.**"

Plaintiff claims that the only exhibit she has is Exhibit 4. Pl's Memo n2. However, in regards to Interrogatory No. 2, which refers to Exhibits 1-4, Plaintiff does not claim that she does not have the exhibits. The District maintains that it has produced all exhibits reference in its response to this document request. Further, it is inappropriate for Plaintiff to move to compel the Defendants to produce documents that have been misplaced by Plaintiff or Plaintiff's counsel.

**Document Request No. 2**

**Produce all documents pertaining to or referencing a communication concerning the facts giving rise to this litigation.**

**Defendant's Response**

**See Exhibits 1, 2, 3, and 4.**

The District has requested that the Office of the Chief Technology Officer conduct an additional email search for all emails associated with the individual defendants and other DOH and EMHSA officials. The District will produce the emails within fourteen (14) days.

**Document Request No. 3**

**Produce all documents pertaining to or referencing a communication referencing Ms. Lowe's communications with federal government agencies providing funds or grants to the DC Department of Health.**

**Defendant's Response**

**See Exhibit 4.**

Plaintiff claims that the District's document response failed to produce all responsive documents.   The District has produced all documents in the custody of undersigned counsel. The District has requested that the Office of the Chief Technology Officer conduct an additional email search for all emails associated with the individual defendants and other DOH and EMHSA officials.   The District will produce the emails and other documents when they become available.

**Document Request No. 4**

> **Produce a complete and accurate copy of any personnel files for Ms. Lowe, whether "official" or unofficial, whether kept in any of Ms. Lowe's manager's or supervisor's offices, at the Department of Health, or the central DC Personnel Office, including memoranda, proposed actions, supervisory notes or records, including draft versions of documents and documents not issued to Ms. Lowe.**

**Defendant's Response**

> **Defendant has not located documents relevant to this request. However, according to the rules of discovery, this answer may be supplemented.**

The District produced Plaintiff's official personnel.  The District is attempting to locate any personnel file that may have been maintained by DOH.

**Document Request No.5**

> **Produce all documents received from the federal government pertaining or related to the subject matter of this litigation, before or after Ms. Lowe's removal.**

**Defendant's Response**

> **None.**

The District has requested that the Office of the Chief Technology Officer conduct additional an email search for all emails associated with the individual defendants and other DOH and EMHSA officials.   The District will produce the emails and other documents when they become available.

**Document Request No. 6**

**Plaintiff's Document Request No.1 requested: "Please provide all inbox and sent emails; all emails and subdirectory emails including sent, inbox and saved that were stored on the "shared" drive of Ms. Lowe's MS Outlook email box. Please provide them in electronic format.**

**Defendant's Response**

**See Exhibit 4.**

The District maintains that documents contained in Exhibit 4 are all emails from the email account that belonged to Plaintiff.   The District has requested that the Office of the Chief Technology Officer conduct an email search for all emails associated with the individual defendants and other DOH and EMHSA officials.   The District will produce the emails and other documents when they become available.

**Conclusion**

Plaintiff's motion to compel and for sanctions should be denied  as to the individual Defendants because they have not failed to produce any documents and as each individual defendant has indicated they have no documents in their possession that would be responsive to Plaintiff's request for documents.   Plaintiff's motion should also be denied as to Dr. Pane and Ms. Lamboy's answers to interrogatory.   Dr. Pane and Ms. Lamboy have provided complete and non-evasive answers to Plaintiff's interrogatories.  Dr. Pane and Ms. Lamboy have both informed undersigned counsel that they cannot provide any additional information in response to Plaintiff's interrogatories.

Plaintiff's motion as to the District of Columbia should also be denied.  While, Plaintiff may be dissatisfied with the District's answers to interrogatories, the District's answers are based on the best available information given the fact that the event occurred several years ago.

In regards to the District's document production, the District has produced and will continue to produce all relevant documents.   Although Plaintiff claims that the District did not produce documents associated with Exhibits 1-3 and 6, the District maintains that these documents were produced but will make them available for Plaintiff to copy.

   For the reasons set forth above, the Defendants request that Plaintiff's motion be denied.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/NICOLE L. LYNCH/S/_____
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail:  davida.jackson@dc.gov