UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THYRA LOWE,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 05-2205 (CKK) |

### **PROTECTIVE ORDER**

    WHEREAS, this case arises out of allegations of violations against the plaintiff under the First Amendment to the Constitution of the United States, actionable under 42 U.S.C. Sec. 1983, and for violations of the District of Columbia Whistleblower Reinforcement Act, D.C. Official Code Sec. 1-615.51 et seq., by defendants on or about November 15, 2004; and:

    WHEREAS, this case involves litigation between Plaintiff Thyra Lowe, and Defendants District of Columbia, Dr. Gregg Pane (misidentified as Gregory Payne), Monica Lamboy, Cheryl Edwards, and Dr. Thomas Calhoun and, involves discovery of information that one or more of the Parties considers confidential; and

    WHEREAS, the Parties, during the course of discovery, will be requesting various documents, including but not limited to personnel records, non-public investigation reports, e-mails, Federal Grant agreements, District of Columbia non-public emergency preparedness response plans, and District of Columbia non-public emergency preparedness vulnerability assessments from the respective Defendant District of Columbia; and

    WHEREAS, the Parties are in or may come into possession of these records, which contain confidential information relating to an entity or an individual who is not a party to this action; and

    WHEREAS the Parties are willing to produce these records in unredacted form but recognizes the privacy issues associated with the release of these records; and

WHEREAS, the protection of such information will encourage full disclosure by the Parties and a full and fair resolution of the issues in this proceeding; and

WHEREAS, D.C. Official Code § 7-2302 provides in relevant part as follows:

(b) Except as provided in subsection (c) of this section, the Mayor shall publish in the District of Columbia Register, for notice and comment, any program or plan for public emergency preparedness prepared pursuant to this chapter. The publication shall, at a minimum, state the subject matter of the program or plan and the specific manner in which a complete copy can be obtained or reviewed and commented upon prior to the transmittal of the plan or program to the Council of the District of Columbia.
(c) Any specific response plan, and any specific vulnerability assessment, either of which is intended to prevent or to mitigate an act of terrorism, as that term is defined in § 22-3152(1), shall be exempt from the requirements in subsection (b) of this section.

WHEREAS, public disclosure of any specific non-public emergency preparedness response plan and/or specific non-public emergency preparedness vulnerability assessment could increase the risk of an act of terrorism; and

WHEREAS, the specific non-public emergency preparedness response plans and specific non-public emergency preparedness vulnerability assessments are often intertwined or intermixed with other non-confidential documents;

WHEREAS, Plaintiff is seeking access to specific non-public emergency preparedness response plans and specific non-public emergency preparedness vulnerability assessments in discovery; and

WHEREAS, Plaintiff had access to specific non-public emergency preparedness response plans and specific non-public emergency preparedness vulnerability assessment while an employee of the District of Columbia;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure Rules, the Court may order that discovery be provided "on such terms and conditions as are just."

IT IS ORDERED AS FOLLOWS:

ORDERED, that the Parties shall provide, subject to any objections or claims of privilege, to requesting counsel and all other counsel of record in this matter, or make available for inspection and copying to requesting counsel and all other counsel of record in this matter, any and all

confidential records and documents which are responsive to a Party's discovery requests and which are otherwise discoverable; and it is

FURTHER ORDERED, that counsel for all Parties shall identify clearly all materials other than specific non-public emergency preparedness response plans and specific non-public emergency preparedness vulnerability assessments within the scope of D.C Official Code § 7-2302(b, c) which that Party asserts are subject to confidentiality and subject to this protective order; and it is

FUTHER ORDERED, that any specific non-public emergency preparedness response plan or any specific non-public emergency preparedness vulnerability assessment within the scope of D.C. Official Code § 7-2302(b, c) are deemed to be non-public documents that are subject to confidentiality within the scope of this Protective Order even if not labeled as confidential; and it is

FURTHER ORDERED, that information and documents produced hereunder shall be used, by counsel for the Parties, only as necessary to represent their clients' interests in this action and for no other purpose unless otherwise ordered by this Court or agreed to by opposing counsel(s) in writing. Moreover, confidential information and documents shall not be disclosed, discussed, shown, or revealed in any way by any counsel to any person other than members of his/her law firm or office, investigators, witnesses produced by the Parties, and experts retained by the Parties, if any. Confidential information and documents shall be safeguarded to avoid unintentional disclosure, discussion, showing, or revealment by a person subject to this Protective Order. Each individual who is provided access to confidential information or documents produced hereunder, other than counsel of record for the Parties, must first execute a writing, stating that he or she has read this Order and agrees to abide by it. This includes witnesses and any retained experts. A copy of each such writing obtained by the Parties shall be retained by counsel during the pendency of the litigation; and it is

FURTHER ORDERED that documents and information evidencing the District's specific non-public emergency preparedness response plans and the District's specific non-public emergency preparedness vulnerability assessments are statutorily confidential as provided in D.C. Official Code 7-2302(b, c); and it is

FURTHER ORDERED, that personal information, such as home and business addresses and telephone numbers, dates of birth, social security number, etc., relating to any minor or civilian shall not be disclosed by counsel to their clients; and it is.

FURTHER ORDERED, that personal information pertaining to defendants and/or his/her family not relevant to this litigation shall not be disclosed pursuant to this order; and it is

FURTHER ORDERED, that nothing in this Order shall preclude any person from asserting, or prejudice any person who asserts, or be used against any person who asserts, the attorney-client privilege, a claim of work-product immunity, or any other applicable privilege or immunity as to any discovery material, including those discovery materials that have been inadvertently produced; and it is,

FURTHER ORDERED, that when this proceeding has concluded (whether by judgment or settlement) and the time (if any) for an appeal or appeals has expired, the Parties shall, within 60 days thereafter, (1) either destroy or gather and return to respective counsel for the Parties all existing confidential information and documents produced hereunder, or (2) serve on counsel for each Party a letter signed by counsel, certifying that to the best of his/her knowledge and belief, all existing confidential information and documents produced hereunder have been destroyed.

SO ORDERED.

Dec. 4, 2007
DATED

_____
Colleen Kollar-Kotelly
United States District Judge
District of Columbia

Copies to:

All Counsel of record via ECF

*Thyra Lowe v. D.C., et al*, Civil Action 05-2205 (CKK) - <u>Protective Order</u>