UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
THYRA LOWE,                                )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )   Civil Action No. 05-2205 (CCK) (JMF)
                                           )
                                           )
DISTRICT OF COLUMBIA, *et al.,*            )
                                           )
    Defendants                         )
_____)

**PLAINTIFF'S REPLY TO SUPPLEMENTAL OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL
FOLLOWING SUPPLEMENTAL RESPONSES**

    Defendant's Supplemental Opposition claims to satisfy the Plaintiff's concerns and allegations of insufficiency raised in Plaintiff' Motion to Compel further responses to interrogatories and document production requests.  While some of the Supplemental Responses do provide additional information, there are still significant failures to provide discoverable information which make dismissing the Motion to Compel (as requested by Defendant's) improper.  Plaintiff reasserts all arguments made in the original Memorandum of Points and Authorities in support of the Motion to Compel.  In addition, below the Defendant's Responses are analyzed to point out which Responses Plaintiff concedes as sufficient, and why the remaining deficiencies require the Court to issue an Order compelling Defendants to respond.

**INTERROGATORY RESPONSES**

**Defendant District of Columbia:**

The District of Columbia's supplemental responses did provide additional information, but remain insufficient in many respects. To begin with, the District of Columbia has failed to provide any additional responses for Interrogatories Nos. 11, 13, 14, 15, and 21. Therefore plaintiff maintains her demand that the defendants respond to these interrogatories as originally argued in her Motion to Compel and Memorandum of Points and Authorities in Support.

For the interrogatories to which a supplemental response was made, some responses do provide sufficient additional information to allow the Plaintiff withdraws her request for an order compelling responses to those interrogatories. They are the Districts Responses to Interrogatories No. 5, 6, 8, 9, 10 and 16.

The remaining answers that were supplemented since the Motion to Compel, responses to to interrogatories 3, 7, and 12, however, still fail to cure the deficiencies as argued in the Motion to Compel the the Plaintiff maintains her request for an order compelling defendant's Response. The supplemental Response is repeated for each of these interrogatories followed by a short argument as to why the Response is still insufficient.

Interrogatory # 3:
For each individual named in response to interrogatory #2, please describe in detail what role they played in the decision, what information they provided or what other contribution they made to the decision to abolish Ms. Lowe's position.

Supplemental Response to #3:
Ms. Monica Lamboy was the Chief Operating Officer. The reason for the abolishment of Ms. Lowe's position according to Ms. Lamboy: "During the summer of 2004, we reorganized several administrations. At the time, Interim Director Tillery, Ms. Edwards and myself decided to make no change in EHMSA in order spend more time understanding its operating needs and grant funding constraints. At the time, EHMSA was overseen by Dr. Thomas Calhoun, Medical Officer and Acting Senior Deputy Director, and Thyra Lowe, Administrator. While Dr. Calhoun was the administration director, Ms. Lowe provided direct supervision to all of the staff. In July 2004, Ms. Sherry Adams returned to EHMSA as Assistant Senior Deputy Director. In effect, this

created a three-tiered management structure for a work until that only had 32 employees. We came to realize over the following months that this was not a workable structure for such a small organization and that it would be better served with a structure similar to the other administrations with modification. In discussion with Dr. Pane and Cheryl Edwards, we determined it would be best to create a Chief of Staff position, where the COS reported to the director but did not have a direct oversight of employees and to maintain the Administrative Officer position instead of upgrading to an ASM because the budge was very small relative to the other administrations. In recognition of the 24 hour nature of EHMSA's business, it was determined that the Assistant Senior Deputy position would remain although this would be the only administration with this position. The Medical Director position was to be eliminated in recognition that a full time position was not required for this administration. As a result, the position was eliminated, but funding was set aside for a part time, contract position. The result or the reorganization would be a significantly flatter organization that would have greater parallels with other administrations. Ms. Cheryl Edwards was the Chief of Staff for Department of Health. The reason for the abolishment of Ms. Lowe's position according to Ms. Edwards: "It was a result of the restructuring of the program. The program was restructured to enhance improvements in the program and grants management." See interrogatory no. 3 within Cheryl Edward's responses and objections to Plaintiff's first set of interrogatories. Dr. Thomas Calhoun was the Senior Deputy Director for EHMSA. The reason for the abolishment of Ms. Lowe's position according to Dr. Calhoun: "I had no role in abolishing Ms. Lowe's position." See interrogatory no. 3 within Thomas Calhoun's Responses and Objections to Plaintiff's First Set of Interrogatories. Dr. Gregg Pane was the director of the department of health. The reason for the abolishment of Ms. Lowe's position according to Dr. Pane: " I was told by Monica Lamboy that it was part of the Department of Health realignment that was then being completed." See interrogatory no. 3 within Gregg A. Pane's Responses and Objections to Plaintiff's First Set of Interrogatories.

Argument in favor of Compelling Response:

While the answer goes into further detail about the reorganization process, it is still inadequate because it does not provide any detail describing what role the named individuals played in the decision to terminate Plaintiff. The answer gives a general response that Ms. Lamboy, Ms. Edwards, and Dr. Pane made the decision to terminate plaintiff, but is not responsive for example, as to who proposed the termination, who, if anyone, gathered information for the other managers to review, who, if anyone, interviewed the managers and advisors named in the response, to get their views. There is no information regarding the following individuals named in response to interrogatory 2, the field of individuals this

interrogatory specifically covers: Robert Malson, Herb Tillery, or Sherry Adams. The responses regarding the three managers named as the decision-makers add nothing to describe the role they played in the decision. The role of these individuals is directly relevant to their knowledge of Complainant's disclosures and whether they harbored any retaliatory animus toward the Plaintiff. It is discoverable and must be produced.

Interrogatory #7:
For each employee who was given one or more of the duties Ms. Lowe performed, please describe in detail the qualifications and experience that employee had which led the deciding management officials to believe they were qualified to perform those duties.

Supplemental Response to #7:
At the time, Ms. Sherry Adams was the Assistant Senior Deputy Director. Ms. Adams had a master's level nursing degree and had worked in EHMSA for many years and had the knowledge and experience to perform the job. Ms. Adams had returned to EHMSA is June or July of 2004 after a 13 month absence. Prior to her absence, Ms. Adams had been Ms. Lowe's direct supervisor and had previously overseen the grants. Mr. Brave was a former DC Fire Paramedic and officer with at least an undergraduate degree. Dr. Elting was a M.D. within a military background and he had prior experience in bioterrorism and emergency health.

**Argument in favor of Compelling Response:**

The Response still fails to provide any information at all about Mr. Rod Blair, who was named the Interim Senior Deputy Director, and based on the responses thus far appears to have taken over the majority of Ms. Lowe's duties, effectively replacing her in the new structure. Mr. Blair's qualifications are directly at issues in proving the credibility of the defendant's proffered reason for terminating Ms. Lowe. The response also fails completely to explain how the qualifications it does mention for Mr. Brave are relevant to the duties he assumed.

Interrogatory #12:
Please identify the participants, location, dates, and describe in detail the subject matter and

-4-

discussion of any meetings or communication among DOH official s in which Ms. Lowe's protests or objections to EHMSA's attempts to pay the salary of Dr. Jeff Elting or any other DC Hospital Association personnel was discussed.

Supplemental Response to #12:
Based upon available information, the conversations were between Thyra Lowe and Ronald Lewis who was Monica Lamboy's predecessor and served as the Interim Administrator after Michael Richardson, M.D. left DOH.  It was generally known in EHMSA that Ms. Lowe objected to Jeff Elting, M.D. being paid off the grants.  See the previously provided June 30, 2004 email located within Defendant's Exhibit 4 for the position of Ms. Melissa Sanders on the funding for an Associate Medical Direction Position.

**Argument in favor of Compelling Response:**

This response  Refers to one email on June 30, 2004, regarding an issue that the response admits was plaintiff's "generally known" objection to using grant funds to pay Dr. Elting.  The response implies that there were no meetings at which this issue was discussed because it does not identify any.  This utterly lacks credibility, based on other answers from the individual defendants.  The arguments in the Motion to Compel regarding this response remain.

**Defendant Monica Lamboy:**

Defendant Lamboy has provided no additional responses to Interrogatories Nos. 6, 15, and 18, so the Plaintiff's request for an Order compelling a Response and the reasons therefore in the Motion to compel remain.  With regard to the supplemental responses received since the Motion to Compel, the response to no. 2, while not entirely satisfactory, provides enough information to allow Plaintiff to withdraw her request with regard to this interrogatory.  The Response to No. 3 appears to be roughly the same as Defendant District of Columbia's Response to the same interrogatory, and is therefore inadequate as described above.

The supplemental Responses Ms. Lamboy submitted for Interrogatory Nos. 4, and 16 are discussed below.

**Interrogatory #4:**
Please state in detail any knowledge you had of Ms. Lowe protesting or objection to proposals or personnel changes and/or funding allocations within EHMSA related to personnel salaries, and when and how you learned of her dissent.

**Supplemental Response to #4:**
I was aware of Ms. Lowe's concerns regarding the delays in filling vacant positions within EHMSA and the impact that would have upon the future of the grant. I also was generally aware of her opinion that in the past, positions had been budgeted to the grant, which should not have been. Given that throughout the summer and fall of 2004, I was reviewing the entire DOH budget position by position to determine if the funding allocation was correct, her concerns were not unique. As a result of my analysis, I eliminated over 200 unfunded positions across DOH that fall. I was also aware of Ms. Lowe's concerns that the staff level salaries at EHMSA were low relative to the responsibilities. This too was not unique to EHMSA and was an issue in several other administrations. By the time I left DOH In July 2006**,** I had been able to upgrade over 30 positions at DOH, several within EHMSA.

**Argument in favor of Compelling Response:**

This Response fails to provide any new information, instead providing irrelevant and

non-responsive information on Ms. Lamboy's activities during her tenure at DC DOH. No

details regarding what Ms. Lowe objected to, or when and how Ms. Lamboy learned about M.

Lowe's views are provided.

Interrogatory #16:  What part did Ava Greeene Davenport, Cheryl Edwards, Briant Coleman, Dr. Calhoun, Sherry Adams, Deirdre Jordan, Robb Bobb, Sharon Baskerville, Robert Melson, and Jeff Elting play in the decision to abolish Ms. Lowe's position?

Supplemental Response:
The decision to abolish Ms. Lowe's position was made by Dr. Gregg A. Pane, Cheryl Edwards, and myself. I have no personal knowledge of involvement by any of the individuals listed above in the decision making process.

Argument in favor of Compelling Response:

This Response adds nothing to the original Response, and is inadequate, evasive,

contradictory and fails for the reasons argued in the Motion to Compel.

**Defendant Thomas Calhoun:**

Defendant Calhoun did provide two additional pages of written responses, but it is unclear to what Interrogatories these responses were made. The number ing of the paragraphs and the subject matter appear to correspond to the Amended Complaint. They are therefore not comprehensible or recognizable as Responses to the written Interrogatories submitted by defendant and all the arguments made in the Motion to Compel are maintained by the Plaintiff.

**PRODUCTION OF DOCUMENTS**

None of the individual defendants produced any documents in response to the plaintiff's requests, before or after the Motion to Compel. Despite the incredulity of this response, there is little more than was argued in the original motion to Compel, and plaintiff maintains her arguments from that Motion.

Defendant District of Columbia has provided a significant number of documents since the Motion to Compel and the plaintiff and her counsel are reviewing them for sufficiency. At this time, while some of the documents are clearly responsive and satisfy the Rule, Plaintiff is not prepared to withdraw her Motion to Compel until such time as the detailed review of the documents submitted can be completed.

**CONCLUSION**

Although many of the Supplemental Responses are helpful, and some even cure the defects outlined in the Motion to Compel, many Responses remain inadequate, as detailed above. Plaintiff therefore maintains her demand that defendants fully comply with the rules and

promptly provide sufficient Responses to the Interrogatories and Document requests as outlined in the Motion to Compel, unless otherwise noted above in this reply.

                                                Respectfully Submitted,

                                                /s/
                                                F. Douglas Hartnett
                                                Elitok & Hartnett at Law, LLC
                                                2428 Wisconsin Avenue, NW
                                                Washington, DC 20007
                                                202 -965-0529 (vox)
                                                202-965-0930 (fax)
                                                Counsel for Plaintiff